Rabin, J.
We would affirm the dismissal.
Leonard Miller was indicted on January 29, 1969. He was then serving a Federal sentence in Virginia. In April, 1969 he and his counsel asserted his speedy trial claim purportedly pursuant to the agreement on detainers (Code Crim. Pro., § 669-b; CPL 580.20). He was brought to Buffalo for trial on June 5, 1969, held there for 24 days, and then returned to Virginia without trial. The reason given for this return without trial was that Miller’s case had not been reached in June, and would not be reached in July because the Erie County Court policy was to hear during July only cases of defendants incarcerated for Erie County crimes. Thereafter on December 10, 1969, Miller moved successfully under the agreement on detainers to *338 dismiss the indictment. The agreement on detainers requires that a defendant “ shall be brought to trial ” within 180 days after delivery of a defendant’s request, and that if, as here, the defendant is returned to his original place of imprisonment before a trial is obtained, ‘ ‘ the court shall enter an order dismissing [the indictment] with prejudice.” (Code Crim. Pro., § 669-b; CPL 580.20, art. Ill, subds. [a], [d].) While the United States had not yet become a party to the agreement at the time Miller invoked its provisions, all parties, including the Federal prison authorities and the District Attorney, proceeded in substantial accordance with its provisions, to the point of having Miller returned for trial in June, 1969.
On balance, we are of the opinion that the facts warrant a dismissal in this case. In so deciding, however, we do not equate á 10-month delay with dismissal of the indictment in every case. Length of delay is one of several factors to be considered. (People v. Blakley, 34 N Y 2d 311; see, also, Barker v. Wingo, 407 U. S. 514.) The delay of 10 months was well beyond the 180 days provided for in the agreement on detainers, and the significance of the delay (here enhanced by the reduced opportunity for a concurrent sentence upon conviction) must be viewed in light of statutes prescribing specific time limitations (see People v. Blakley, supra). Court congestion, and court rules of precedence, while cognizable factors, are limited in force by the nature of the speedy trial guarantee; and, here, no attempt was made by the District Attorney to show that it was impossible to bring Miller to trial while he was incarcerated in Buffalo. Finally, both the defendant and his counsel asserted the speedy trial right. (People v. Blakley, supra.)
Chief Judge Breitel and Judges Jasen, Jones, Wachtler and Stevens concur; Judge Gabrielli taking no part.
Order affirmed.