OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed.
*1002 Defendant was indicted for forgery and related offenses. Because he was in Federal custody on an unrelated conviction at the time, a detainer was lodged against him by New York authorities. In an effort to obtain an immediate trial, defendant claims that, pursuant to CPL 580.20 ("Interstate Agreement on Detainers”), he delivered a demand for a speedy trial to his Federal institutional caseworker on February 7, 1972. It was not until October 17, 1972, however, that proceedings were initiated to bring him to trial.
CPL 580.20 (art 3, subd [a]), mandates that a defendant who is in custody in another jurisdiction must be brought to trial within 180 days of his written demand under pain of dismissal of the charges (see CPL 580.20, art 5, subd [c]). Since the People have failed to tender any justification for the delay in excess of the statutory period, the motion to dismiss should have been granted (cf. People v Miller, 34 NY2d 336).
The statute contemplates that the demand "shall be given or sent by the prisoner to the warden, commissioner of correction or other official having custody of him, who shall promptly forward it * * * to the appropriate prosecuting official and court” (CPL 580.20, art 3, subd [b]). Failure on the part of the Federal authorities to forward a defendant’s demand does not vitiate his right to a speedy trial (cf. People v Masselli, 13 NY2d 1, 4, 6; People v Esposito, 37 Misc 2d 386, 394). We decline the People’s invitation, extended on appeal for the first time, that decision be reserved pending a hearing on their assertion that in this instance the defendant had not given or sent the demand to one of the designated Federal officials and that the latter had therefore never had the opportunity to forward it to the prosecuting official and court. The People have also failed to avail themselves of several opportunities to raise this issue; in fact, on this appeal, they disclosed that they had no evidence that defendant failed to make the delivery he described.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.