■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEONARD MILLER, Also Known as LEONARD BEASON, Respondent.— Order affirmed. All concur, except Witmer and Henry, JJ., who dissent and vote to reverse and reinstate the indictment, in the following memorandum: Defendant was indicted in Erie County on January 29, 1969 for robbery in the first degree and grand larceny in the third degree. At that time he was incarcerated in Federal reformatory prison in Petersburg, Virginia because of his prior conviction for bank robbery. On April 24, 1969 he wrote a letter to the Erie County Clerk, asking, "what will be the disposition" of the detainer filed against him in Virginia under the Erie County charge, and requesting an early reply. This communication reached the Erie County District Attorney, and the record shows that the District Attorney replied promptly to the defendant on April 30, 1969, and advised him that if he wished an immediate trial, it would be arranged; and he thereafter promptly proceeded to arrange for defendant's trial in June, 1969. On June 5, 1969 defendant was brought to the Erie County jail and was arraigned the next day. The District Attorney asserts that although the case was on the Erie County Court Calendar for trial in June, 1969 it was not reached, and that the rule and policy of the Erie County Court is to try in July only those cases in which the defendant is incarcerated under his indictment. It does not appear that there was an August Trial Term in Erie County. Had defendant been tried and found not guilty, he would necessarily have been returned to the

Federal authorities. On June 29, 1969, defendant's case not having been reached for trial, he was returned to the Federal prison in Virginia. In November, 1969 defendant was again brought to the Erie County jail and the District Attorney again moved the case against him for trial, and it was placed on the Day Calendar for December 1, 1969 for trial. Defendant then successfully moved for dismissal of the indictment for failure of the District Attorney to afford him a speedy trial, and from the dismissal order the District Attorney appeals. We strongly support every effort made for the early disposition of indictments, and we thoroughly agree with those decisions in which the indictments have been dismissed because of procrastination of the District Attorney (see *People* v. *Minicone,* 28 N Y 2d 279; *People* v. *Bryant,* 12 N Y 2d 719; *People* v. *Boyd,* 37 A D 2d 582 and *People* v. *Darrah,* 29 A D 2d 816). In our view, however, the record in this case does not establish undue delay on the part of the District Attorney but rather it shows unusual diligence on his part and co-operation with the defendant to afford him a speedy trial ahead of other defendants awaiting trial in Erie County, despite the difficulties attendant upon securing defendant's presence in New York State because of his incarceration in Virginia. The People and the District Attorney should not be charged with unreasonable delay because of court congestion (*People* v. *Ganci,* 27 N Y 2d 418). Although it has been said that mere delay alone is prejudicial to a defendant, the court may properly consider whether in fact there has been any prejudice to the defendant, and defendant has shown none here (see *People ex rel. Moore* v. *Follette,* 29 N Y 2d 526). Only 10 months elapsed in this case between the indictment and its dismissal. Considering the District Attorney's efforts to get the defendant here from imprisonment in Virginia, his efforts to have the case tried in June, the special summer court practice in Erie County, and the District Attorney's readiness to try the case in the eleventh month of the indictment, it is unthinkable that this indictment in these days of court congestion should be dismissed for lack of speedy trial. To grant dismissal in this case is an open invitation to every defendant, immediately upon indictment, to demand trial and to move for dismissal within six months if not tried. Defendants, as well as the People, must within reasonable limits bear the onus of court congestion. Upon the facts of this case we think that the court erred in granting the motion to dismiss, and we would reverse the order and reinstate the indictment. (Appeal from order of Erie County Court dismissing indictment.) Present — Goldman, P. J., Witmer, Gabrielli, Cardamone and Henry, JJ.