Memorandum. We affirm the orders of the Appellate Division. Certainly the 22- and 29-month delays from arrest to trial attending the two indictments here in question were unfortunate *868 and not to be encouraged. However, we are not able to conclude that such delay, by itself, has worked a denial' of defendant’s Sixth Amendment rights or in any way prejudiced him. Much of the delay during the latter stages was occasioned by defendant’s dissatisfaction with several assigned counsel who had to be replaced, and by counsel’s other engagements (People v. Purdy, 29 N Y 2d 800). During a discussion occurring on the eve of trial defense counsel stated that defendant had largely contributed to the delay. There is, moreover, no indication that defendant or his various counsel voiced objection to those delays brought on at the instance of the prosecution and court (People v. Prosser, 309 N. Y. 353, 359, 360). Delay alone does not automatically breach the defendant’s constitutional and statutory rights. Each such case must be determined on balance, i.e., the conduct of the prosecution and that of the defendant are weighed (see People v. Blakley, 34 N Y 2d 311). In assessing these cases the courts should especially review events occurring toward the end óf the pertinent time period, whether the total period be long or short. If, as here, significant delays are then instigated by the defense, and if earlier delays were justified or not objected to, then defendant normally should have no ground for complaint.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur; Judge Rabin taking no part.
Orders affirmed in a memorandum.