THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD THOMAS, Appellant.—Judgment unanimously affirmed. Memorandum: In affirming we point out that court congestion and other engagements of the attorneys in the District Attorney's office standing alone do not excuse the delay in proceeding to trial on defendant's indictment. These are factors entitled to consideration on a motion for dismissal because of delay, but they are not a complete answer to an imprisoned defendant's motion *(People ex rel. Franklin v Warden Brooklyn House of Detention for Men,* 31 NY2d 498; *People v Purdy,* 29 NY2d 800; *People v Ganci,* 27 NY2d 418; cf. *People v Miller,* 38 AD2d 677, affd 34 NY2d 336). This defendant was committed on May 28, 1970, indicted August 11, 1970 and brought to trial March 16, 1971, nine and one-half months after his commitment. The last three or four weeks of that period were attributable to defendant's change in counsel (see *People v Timothy,* 34 NY2d 867) and there were scheduling difficulties apparently because two important witnesses resided outside of the State. There was no motion for a speedy trial and the application to dismiss was made orally for the first time at the opening of trial. Under the circum-

stances we do not find that the Trial Judge abused his discretion in denying the motion. (Appeal from judgment of Onondaga County Court convicting defendant of criminal possession of a forged instrument, second degree and other charges.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.