THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES PANARELLA et al., Respondents.

Third Department, December 30, 1975

*Francis J. Vogt, District Attorney (Edward M. P. Greene* of counsel), for appellant.

*William D. Pretsch* for respondents.

HERLIHY, P. J. Defendants and a third party were arrested on April 24, 1972 and arraigned on a felony complaint charging them with criminal possession of loaded handguns, class D felonies. The three arrestees were released on minimal bail. On May 22, 1974, defendants moved to dismiss the indictment on the ground that they had been denied their right to a speedy trial. The motion was granted and the present appeal ensued.

In the interim, a motion to suppress evidence had been made in Supreme Court of Ulster County on May 24, 1972 upon which no action had been taken at the time of the motion or the decision leading to the order herein. Until May 14, 1973, charges were pending against the defendant Panarella in the United States District Court for the Southern District of New York, and the Ulster County District Attorney's office had agreed to "not push the case" so as not to provide Panarella with the defense of double jeopardy. The case was finally presented to the Ulster County Grand Jury in January, 1974 which returned an indictment on February 27, 1974.

Applying the factors set forth in the recent case of *People v Taranovich* (37 NY2d 442) it should be noted that the delay in this case is inordinate upon its face and the People's justification insofar as there is reliance upon the concurrent Federal charges and the pending suppression hearing would not be of great weight. Furthermore, the defendants have alleged some prejudice from the death of an original codefendant.

The District Attorney's testimony clearly establishes that the delay in this case had nothing to do with circumstances beyond the control of the District Attorney.

In considering the reason for the delay and also the question of prejudice to the defendants because the codefendant Perrotti died prior to the indictment and would be unavailable

as an eyewitness, the District Attorney's testimony included more than simple allegations of factors causing delay beyond his control. As noted by the trial court, the District Attorney testified that the defendants did not enter into any express agreement through their counsel of waiver of the right to a speedy trial. Nevertheless, the District Attorney did testify that he discussed the status of the case on many occasions with counsel for the defendants and that such counsel agreed that it would be in the best interests of everyone to hold the matter in abeyance pending the Federal court proceedings; that defense counsel was not anxious to move the case; that defense counsel was consenting to the case remaining in abeyance; that defense counsel specifically asked the District Attorney not to indict pending the suppression hearing and/or the Federal proceedings; that even after the indictment was returned, the defense counsel wanted a delay in arraignment pending a suppression hearing; and, of course, the actual motion to dismiss for delay was not made until June 12, 1974.

To affirm this case would establish a pattern whereby the defense may actively participate in the preindictment delay by express acquiescence and urgings and thereby secure the dismissal of an indictment. We note that this pattern of conduct is in sharp contrast to that of the defendant in *People v Johnson* (38 NY2d 271) who made a continuing effort to have the charges against him finally resolved.

There need be no express or explicit waiver of the right to a speedy trial *(People v Timothy,* 34 NY2d 867, 868). This record establishes such a waiver as a matter of law and any prejudice to the defendants is self-imposed. The facts disclosed at the hearing held by the trial court upon this motion establish that the motion has no merit. The dismissal of the indictment was erroneous.

The order should be reversed, on the law and the facts, the motion denied and the indictment reinstated.

GREENBLOTT, J. (dissenting). In *People v Taranovich* (37 NY2d 442), the Court of Appeals enumerated various factors to be considered in deciding the propriety of dismissing indictments for failure to afford a speedy trial.*

---

* CPL 30.30 (subd 1, par [a]) as effective May 1, 1972—one week after the arraignment of the defendants herein—establishes a period of six months for trial of a criminal action. *Taranovich* dealt with an action commenced prior to the applicability of this statute, wherefore its guidelines are applicable in the present case.

Two such factors are the extent of the delay, which in this case amounts to 22 months, and the reason therefor. We regard such a delay in the absence of any showing of justification, as presumptively excessive. While the People urge that much of this delay was attributable to the District Attorney's deferring to Federal authorities, it appears that the prosecution still failed to proceed for nine months after Federal charges were dismissed. As between the defendant and the People, the latter must bear full responsibility for the period of delay subsequent to the dismissal of the Federal charges.

Another factor enumerated in *Taranovich* is the nature of the underlying charge, which in this case constitutes a class D felony which would not seem the type to carry with it any unusual problems for the prosecution in preparation and proof of the case.

A very significant factor is prejudice to the defendant by potential impairment of its defense, which seems to be present here. The third-party arrestee died on October 4, 1973. While she conceivably would have been a codefendant, her attorney offered testimony at the hearing which the trial court found sufficient to justify a conclusion that the deceased may well have been able to testify to matters which would have exonerated these defendants.

The majority base their decision to reverse the order dismissing the indictment on the testimony of the District Attorney. They concede, as they must, that the District Attorney stated flatly that there was never any express agreement on the part of defense counsel that his clients would waive their right to be tried. Later he again reiterated this when he testified "[h]e [the defense counsel] said, however, that he could not waive on behalf of his clients any delay which had occurred from the time of the arrest to the time of the indictment." (A period of 22 months.)

In view of this strong concession on the part of the District Attorney, his attempts to show an implied waiver were properly rejected by the trial court. Moreover, the District Attorney specifically testified that the main reason for his delay in proceeding was a specific agreement with Federal authorities as well as his reservations about the merits of his case. We agree with the trial court's statement that the District Attorney has the obligation to diligently and expeditiously move the case for disposition. The case of *People v Timothy* (34 NY2d 867), relied on by the majority, is inapposite because it

was indisputable that the delays there were attributable to numerous changes in representation by the defendant. Under the circumstances here presented, the trial court had no alternative but to dismiss the indictment.

We accordingly dissent and vote to affirm the order of the trial court.

LARKIN and REYNOLDS, JJ., concur with HERLIHY, P. J.; GREENBLOTT and MAIN, JJ., dissent and vote to affirm in an opinion by GREENBLOTT, J.

Order reversed, on the law and the facts, motion denied and indictment reinstated.