## (June 16, 1977)

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BELLACH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered July 28, 1976, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. By a prior order of this court dated February 28, 1977, the case was remanded to the Criminal Term to hear and report on the issue whether the defendant was deprived of his right to a speedy trial and the appeal has been held in abeyance in the interim *(People v Bellach,* 56 AD2d 656). A hearing conducted on April 27 and 28, 1977 to determine the reasons why the defendant was not brought to trial within the requisite statutory period of six months (see CPL 30.30), and this court is in receipt of Criminal Term's report. Judgment reversed, on the law, and indictment dismissed. At the hearing, the court found that the defendant's case had been placed on the Reserve Calendar on May 22, 1975. However, 11 months elapsed before his case was restored to a Ready Day Calendar. In the interim, 10 criminal cases had been tried in which the indictments were filed subsequent to the defendant's indictment filing date. Of those cases, seven involved defendants who, like Bellach, were not incarcerated. Additionally, many civil cases involving jury and nonjury trials were also conducted. Defendant was not brought to trial until after a speedy trial motion had been made by his attorney and denied. A trial was commenced, but one of the defendant's alibi witnesses became ill. The day the witness died was the day upon which the defendant changed his plea from not guilty to guilty. These circumstances indicate that the constitutional right to a speedy trial was denied to the defendant. The defendant suffered severe

prejudice to his defense as a result of the delay. However, even without this indication of prejudice the law requires that a defendant accused of a felony be brought to trial within six months unless the delay is statutorily excusable (see CPL 30.30). Rabin, J. P., Shapiro, Titone and O'Connor, JJ., concur.