■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DEL VALLE, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the

following memorandum: The defendant was convicted of two counts of criminal sale of a controlled substance in the third degree (Penal Law, §§ 20.00, 220.39, subd 1) and two counts of criminal possession of a controlled substance in the third degree (Penal Law, §§ 20.00, 220.16, subd 1). He contends, *inter alia,* that he was denied his right to a speedy trial in violation of CPL 30.30. The trial court, without a hearing, denied his motion for dismissal of the indictment on the basis that counsel for the defendant was substituted on March 30, 1977. Upon a showing by a preponderance of the evidence that the People were not ready for trial within six months of the commencement of a criminal proceeding (CPL 210.45, subd 7), an indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay (CPL 30.30, subd 4). Defendant's indictment was filed on August 20, 1976 and trial did not commence until August 15, 1977. At defendant's arraignment on October 12, 1976 the People announced that they were ready for trial. While it appears that there were periods of delay which properly may be charged to the defendant, we are unable on this record to assess their extent. The court denied the motion to dismiss for lack of a speedy trial without making findings concerning statutory periods of exclusion. On remand the trial court will conduct a hearing and make appropriate findings in accordance with CPL 30.30 (subd 4) *(People v Cook,* 63 AD2d 841; *People v Bellach,* 56 AD2d 656, revd after remand 58 AD2d 613). We have considered the other issues raised by the defendant and find them to be without merit. We note that while it was error to receive hearsay testimony as to the identity of "Lincoln", the error was harmless in that identification of the defendant was otherwise clearly established. (Appeal from judgment of Erie Supreme Court—criminal sale controlled substance, third degree, etc.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.