■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RIVERA, Appellant.—Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment following a jury verdict convicting him of burglary third degree and petit larceny. Defendant asserts that his motion to dismiss for failure to hold a speedy trial should have been granted, that a request for a change of counsel was improperly denied and that the People failed to prove his guilt beyond a reasonable doubt. The action was commenced by the filing of an accusatory instrument on September 24, 1976 in City Court charging defendant with burglary third degree. After a preliminary hearing he was held for the Grand Jury and bail was set at $1,000. He was incarcerated from that time until trial. No motion was made for his release, his counsel stating that defendant had indicated to him that he did not wish an application made because of detainers against him in New York City. Defendant was indicted and arraigned on February 25, 1977, the People announced they were ready and the defendant was allowed 45 days for motions. A motion to dismiss for failure to hold a speedy trial was made and denied on September 16, 1977 and the trial commenced on September 26, 1977. The requirements of a motion to dismiss an indictment under CPL 210.20 for denial of a speedy

trial (see CPL 30.30) are set forth in CPL 210.45. Upon a showing by a preponderance of the evidence that the People were not ready for trial within six months of the commencement of a criminal action an indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay (see *People v Del Valle*, 63 AD2d 830). While it appears that there were periods of delay which properly may be charged to the defendant, we are unable from the record to determine their extent. The court denied the motions to dismiss for lack of a speedy trial without making findings concerning statutory periods of exclusion. The matter should be remitted to the trial court to conduct a hearing and make appropriate findings in accordance with CPL 30.30 (subd 4) (see *People v Washington*, 43 NY2d 772; *People v McLaurin*, 38 NY2d 123; *People v Bellach*, 56 AD2d 656). There is no substance to defendant's assertion that the trial court erred in denying his oral request to the court made during the jury selection that new counsel be assigned. The record amply supports the jury's verdict. (Appeal from judgment of Erie County Court—burglary, third degree and petit larceny.) Present—Marsh, P. J., Moule, Hancock, Jr., and Witmer, JJ.