■ In the Matter of JUAN RIVERA, Appellant, v BENJAMIN WARD, as Commissioner of Correctional Services, et al., Respondents.—Appeal dismissed upon stipulation. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ RICHARD A. FLYNN, JR., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent.—Order unanimously affirmed, without costs, on the opinion at Special Term, McLaughlin, J. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Cardamone, J. P., Schnepp, Callahan and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CLARY, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant pleaded guilty to criminal sale of a controlled substance in the third degree following denial of motions to dismiss for violation of his statutory right to a speedy trial pursuant to CPL 30.30. Defendant was arrested on April 15, 1977 and the People reported ready for trial on October 20, 1977. If the People are not ready for trial within six months of commencement of a criminal action, the indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay (People v Rivera, 64 AD2d 815; People v Cook, 63 AD2d 842; People v Del Valle, 63 AD2d 830). On the facts of this case none of the delay is chargeable to the defendant. The People contend that the delay of several days past the six-month period is de minimis and not prejudicial to the defendant. However, inasmuch as the Court of Appeals has held that CPL 30.30 states a precise cutoff (People v Dean, 45 NY2d 651) and that a defendant need not demonstrate prejudice resulting from the delay (People v Hamilton, 46 NY2d 932) we must reverse the conviction and dismiss the indictment. (Appeal from judgment of Monroe Supreme Court—criminal sale of controlled substance, third degree.) Present —Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.