■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUISE WHITE, Appellant. (Appeal No. 1.)—Case held, decision reserved, and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: Defendant appeals from judgments of conviction following a jury trial for attempted murder in the second degree (Penal Law, § 125.25, subd 1; § 110.00); felony murder (Penal Law, § 125.25, subd 3); and criminal possession of a weapon in the second and fourth degrees (Penal Law, §§ 265.03, 265.01, subd [2]). Defendant contends, *inter alia,* that she was denied her right to a speedy trial under the New York State and Federal Constitutions. There was a 22-month delay from the time defendant

was indicted on November 9, 1976 until the case was tried in September, 1978. On May 9, 1978, the court denied defendant's motion to dismiss for lack of a speedy trial without a hearing and directed that the case be tried at the first available criminal part of the June, 1978 term. The case came to trial the following September. The matter should be remitted to the County Court for a hearing so that "findings of fact essential to the determination" of the speedy trial issue can be made (see CPL 210.45, subd 6). (See *People v Williams*, 67 AD2d 1094; *People v Rivera*, 64 AD2d 815, 816; *People v Del Valle*, 63 AD2d 830; *People v Bellach*, 56 AD2d 656, revd after remand 58 AD2d 613.) Although the six-month statutory rule is inapplicable here, where the defendant has been charged with homicide (CPL 30.30, subd 3, par [a]), constitutional speedy trial considerations do apply. On remand the court should consider the evidence adduced in light of the factors set forth in *People v Taranovitch* (37 NY2d 442, 445) including whether, as contended by the People, the delay occasioned by the inability to locate a key prosecution witness should be excused under CPL 30.30 (subd 4) and also what, if any, prejudice resulted to the defendant from the delay. (See, also, *People v Singer*, 44 NY2d 241.) Proper exception was not taken to those portions of the jury charge objected to by the defendant on appeal. Therefore the errors asserted were not preserved for our review. (See CPL 470.05, subd 2; *People v Teeter*, 47 NY2d 1002; *People v Congilaro*, 60 AD2d 442, 455.) The other grounds urged by defendant for reversal are without merit. (Appeal from judgment of Erie County Court—murder, second degree, and another charge.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.