■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RIVERA, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: This is a continuation of our consideration of defendant's appeal from the judgment of November 15, 1977 convicting him of burglary in the third degree and petit larceny. We remitted the matter to Erie County Court to conduct a hearing and make findings of fact on the issue of whether defendant had been denied a speedy trial under CPL 30.30 (see *People v Rivera,* 64 AD2d 815). After such hearing, County Court submitted its findings and held that there had not been a denial of speedy trial. We reach the contrary conclusion. Defendant was arrested for these crimes on September 24, 1976, and after a preliminary hearing on October 1, 1976 he was held for the Grand Jury. The District Attorney did not present the matter to the Grand Jury until February 18, 1977, and defendant was indicted on February 25, 1977. An attorney was then assigned to defendant, but after some efforts at plea negotiation he was relieved on April 15, 1977 and a new attorney was assigned. The latter duly made the omnibus motion for defendant, which was argued on May 26, and on June 8, 1977 the court ordered the District Attorney to serve a bill of particulars. The District Attorney failed to file and serve a bill of particulars until September 13, 1977, after defendant had moved for dismissal of the indictment for failure to accord him a speedy trial. The court denied the motion, and trial of the defendant began on September 26, 1977. Defendant was convicted, and on appeal therefrom he urges, *inter alia,* that he was denied a speedy trial. Defendant has the burden to establish that he was denied a speedy trial (CPL 210.45, subd 7;

*People v Del Valle,* 63 AD2d 830), but defendant having made a prima facie showing of undue delay, the District Attorney must come forward with an explanation of why he is not chargeable with delay in excess of six months (CPL 30.30, subd 4; *People v Sturgis,* 38 NY2d 625). In this case the time is measured from October 1, 1976 when defendant was held for the Grand Jury. The District Attorney's only excuse for the delay from October 1 until his indictment is that some plea negotiations were had and there was technical difficulty in obtaining photographs of a codefendant. Such delay of at least 140 days is chargeable to the time granted to the District Attorney to prepare his case *(People v Floyd,* 61 AD2d 844). The time from indictment until the order of June 8, 1977, requiring the District Attorney to serve a bill of particulars is chargeable to defendant (see *People v Cook,* 71 AD2d 801). The only reason given by the District Attorney for the delay in serving the bill of particulars until September 13, 1977 is that plea negotiations were in progress. The defendant denies requesting delay in his trial and the District Attorney has not disproved the denial. The District Attorney is, therefore, chargeable with the delay from June 8 until the trial began on September 26, 1977, an additional 110 days. Thus, the delay chargeable to the District Attorney, a total of at least 250 days, exceeds by more than two months the time allowed by the statute (CPL 30.30). The judgment must, therefore, be reversed and the indictment dismissed *(People v Washington,* 43 NY2d 772; *People v Johnson,* 38 NY2d 271; *People v Sturgis, supra; People v Miller,* 38 AD2d 677, affd 34 NY2d 336; *People v Clary,* 71 AD2d 1053). (Resubmission of appeal from judgment of Erie County Court—burglary, third degree, and petit larceny.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.