■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD GIORDANO, Appellant.—Case held, decision reserved and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant was convicted of criminal possession of a controlled substance in the sixth degree (Penal Law, former § 220.06) and criminal sale of a controlled substance in the sixth degree (Penal Law, former § 220.31), both class D felonies. Defendant contends that he was denied his right to a speedy trial, in violation of CPL 30.30 and that the sentence imposed upon him was improper. Defendant was indicted for these crimes on January 20, 1978. At the arraignment, on March 17, 1978, the People called the case ready for trial, and the defense was granted a 45-day adjournment for motions. A motion to dismiss the indictment for lack of a speedy trial was denied by the court on April 9, 1979, and the case proceeded to trial on the same day. Where the defendant has made a prima facie showing of undue delay, the People have the burden of demonstrating why they are not chargeable for delay in excess of the six-month period provided by CPL 30.30 (subd 1, par [a]) *(People v Sturgis,* 38 NY2d 625; *People v Rivera,* 72 AD2d 922; *People v Cook,* 63 AD2d 842). Here, over 14 months passed between defendant's indictment and trial. The court denied defendant's motion to dismiss for lack of a speedy trial without making findings concerning the People's readiness to proceed or the availability of statutory periods of exclusion (CPL 30.30, subd 4). Though the People assert on appeal that they were ready for trial within the six-month period, there

are insufficient facts before us to determine whether this is so. The matter should be remitted to the trial court to conduct a hearing and make appropriate findings as to whether the People were, in fact, ready for trial within the period (CPL 30.30, subd 1, par [a]), and as to the applicability of statutory periods of exclusion (CPL 30.30, subd 4) (see *People v Rivera,* 64 AD2d 815; *People v Del Valle,* 63 AD2d 830). In sentencing for a class D felony, the trial court may impose either an indeterminate sentence with a maximum of not more than seven years, and a minimum of at least one year (Penal Law, § 70.00, subd 2, par [d], subd 3) or a definite sentence with a fixed term of one year or less (Penal Law, § 70.00, subd 4). The trial court sentenced defendant to "a term of up to one year". Since this sentence does not comport with either of the sentencing alternatives set forth in section 70.00 of the Penal Law, we must also remit for resentencing in accordance with the requirements of that section. (Appeal from judgment of Erie County Court—criminal sale of a controlled substance, sixth degree.) Present—Simons, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.