■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THILL, Appellant.—Judgment reversed, on the law, and indictment dismissed. Memorandum: On April 15, 1977 defendant was arrested, along with two other persons, on felony charges of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the fifth degree. After assignment of counsel, a preliminary hearing was held on April 20, 1977 at which time he was held for the Grand Jury. On October 11, 1977 the case was presented to the Grand Jury which handed up an indictment on October 14, 1977. Arraignment was scheduled for October 20, 1977 but was adjourned to October 24, 1977 at the request of defendant's counsel. Defendant was granted an adjournment for the purpose of making motions. On November 14, 1977 motions were heard and the People agreed to furnish defendant with certain material requested including Grand Jury testimony of a codefendant. On December 5, 1977, the requested material not having been furnished, the defendant's attorney appeared in court with the District Attorney and the court was assured the material would be furnished to defendant. On this date the court placed the case on the Trial Calendar. Prior to this date and even on December 5, 1977 nowhere in the record does it appear that the People announced their readiness for trial nor did they move the case for trial. On December 12, 1977 the defendant made a motion to dismiss the indictment for failure to prosecute in a timely fashion (CPL 30.30). After hearing arguments the court denied the motion and again directed the District Attorney to provide the still missing material to defendant. After going to the District Attorney's office to obtain this material, counsel for defendant and the District Attorney returned to the court to explain that certain material was nonexistent and that the Grand Jury testimony had not been transcribed. At this point the following colloquy took place: "The Court: So the prosecution is not now ready for trial and has not been ready? Mr. Valentino [Assistant District Attorney]: I guess you have to say that, your Honor, because we don't have the Grand Jury minutes." The court thereupon set aside its denial of the defendant's motion and ordered a hearing on why the People were not prepared for trial. The court also struck the case from the Trial Calendar. The motion to dismiss for failure to prosecute in a timely fashion was argued February 21, 1978 before another Judge (the parties agreed that no material fact was in dispute and a hearing was not necessary) *(People v Gruden,* 42 NY2d 214). The court found that the People were ready for trial by the "middle of December, 1977, approximately eight months after the commencement of the action". In computing time periods for which the

prosecution was not chargeable for delay, the court excluded a two-month, one-week period from April 20, 1977 when defendant was held for the Grand Jury to June 27, 1977 when defendant retained the last of three attorneys (the People concede that from June 28, 1977 to Oct. 10, 1977, the delay is unexplainable) for the reason that during this period the defendant discharged two assigned counsel and retained his present attorney and further that certain plea negotiations were taking place between the first two attorneys and the District Attorney and defendant's father and the District Attorney. In this the court erred. The unexplained period should extend to October 20, 1977, when defendant's arraignment was scheduled, a period of three months, three weeks. Defendant has the burden to establish that he was denied a speedy trial (CPL 210.45, subd 7; *People v Del Valle,* 63 AD2d 830) but having made a prima facie showing of undue delay, the District Attorney must come forward with an explanation of why he is not chargeable with a delay in excess of six months (CPL 30.30, subd 4; *People v Sturgis,* 38 NY2d 625). For preindictment delay to be chargeable to defendant it must be shown that the delay was attributable to defendant, that the indictment was impeded or prevented by defendant's actions *(People v Sturgis, supra).* Here there has been no showing that the change of attorneys or plea negotiations had anything to do with the delay in presenting the case to the Grand Jury, and defendant denies making any request for a delay, an allegation not disproved by the District Attorney. Indeed, during this preindictment period the matter is wholly under the control of the People and there is nothing the defendant can do to prevent or delay the presentment of the case to the Grand Jury. Adjournments, motions, and the like generally are not available to defendant at this stage. The District Attorney is, therefore, chargeable with the delay from April 20, 1977 when defendant was held for the Grand Jury until the date of his scheduled arraignment, October 20, 1977 *(People v Robinson,* 73 AD2d 809; *People v Rivera,* 72 AD2d 922). The court also excluded from the time chargeable to the People the period from October 24, 1977 (the defendant's arraignment) to December 12, 1977 (the date the court found that the People were ready for trial) because this period relates to motions made by defendant and was a period of delay requested by him. While requests for time to make motions were made during some of this period, it is not clear that all of this period is properly chargeable to defendant, although the period from October 20, 1977 to December 5, 1977, when defendant's first motions were heard, is properly chargeable to him. Nowhere in the record does it appear that during this postindictment period the People ever announced their readiness for trial to the court. The burden of demonstrating readiness for trial is on the People where more than six months have passed from the commencement of the criminal proceeding *(People v Robinson, supra)* and the People must communicate readiness for trial to the court on the record when ready to proceed *(People v Hamilton,* 46 NY2d 932). It is insufficient as a matter of law to inform the court of such a claim for the first time in an affidavit or on oral argument in response to a motion to dismiss the indictment. The right to a speedy trial under CPL 30.30 relates to prosecutorial readiness and is not dependent in any way on whether defendant has expressed his readiness for trial or whether defendant has been prejudiced by delay *(People v Hamilton, supra).* Although defendant did request various adjournments to make postindictment motions, the fact of the matter is that after arraignment the People failed to announce their readiness for trial and indeed they could not have made such representation. On December 12, 1977 they were not and had not been ready for trial and the court found

that the People were not ready for trial until "the middle of December, 1977." In summary, the period from April 20, 1977 to October 20, 1977, a period of delay not sufficiently explained, is chargeable to the People. This period encompasses six months. Assuming that arguably some period of time thereafter might be chargeable to defendant for motions, the case was not placed on the Trial Calendar until December 5, 1977, and that was done by the court, *sua sponte,* only to be removed from the calendar on December 12, 1977 upon the People's admission that they were not ready for trial. In any event more than six months had expired since the commencement of the criminal proceeding and defendant's conviction must be reversed and the indictment dismissed. All concur, except Hancock, Jr., J., dissents and votes to affirm the judgment, in the following memorandum.

Hancock, Jr., J. (dissenting). Defendant's motion for dismissal of the indictment pursuant to CPL 30.30 was properly denied for the reasons stated by the trial court in its memorandum. Defendant was arrested on April 15, 1977. Informations charging him with attempted first degree criminal sale of a controlled substance and criminal possession of a controlled substance in the fifth degree were filed on April 16, 1977. On the same date, at his arraignment, defendant and the two codefendants were represented by the Monroe County Public Defender who entered pleas of not guilty and requested an adjournment to April 18 so that private counsel could be assigned to defendant and one of the codefendants. On April 18, 1977 defendant was assigned his first private counsel, Mr. Saporito, who requested a preliminary hearing which was held on April 20, 1977 and which resulted in defendant's being bound over for the Grand Jury. Between April 20, 1977 and June 27, 1977, defendant discharged two attorneys, Mr. Saporito and Mr. Crimi. He notified the People of the retention of his present counsel on June 27. Also during this period of time defendant's first two attorneys and his father initiated and pursued plea negotiations with the District Attorney's office. The negotiations were discontinued by defendant's present attorney. Defendant's case was presented to the Grand Jury on October 11 and 12, 1977 and indictments against him and the codefendants were returned on October 14. On October 14, the Monroe County Clerk's office, pursuant to its "usual practice", mailed notice of his arraignment on October 20, 1977 to defendant who lived out of town. Defense counsel requested and was granted a four-day continuance to October 24, 1977 for the arraignment. From October 24, 1977 to December 14, 1977, the date the trial court found that the People were ready for trial, various defense motions were pending and continuances were granted in connection therewith at the request or with the consent of defense counsel. In my opinion, 105 days—the period from June 27, 1977 to October 10, 1977, are chargeable to the People who concede their responsibility for this preindictment delay. I do not agree with the majority, however, that the 68 days from April 20, 1977 to June 27, 1977, in which plea negotiations took place between the District Attorney's office and defense counsel and defendant's father, are also chargeable to them. The People allege (and the defendant does not deny) that defendant's first two counsel actively participated in the plea negotiations with the District Attorney's office and that "the defendant's father, during the time and for some time later, repeatedly telephoned [the Assistant District Attorney] for the purpose of offering the cooperation of his son with the Rochester Police." In its memorandum decision Trial Term found: "Because a substantial period of delay in the presentation of the cases to the Grand Jury resulted from the plea negotiations between the district attorney's office and defendant, that period from

April 20, 1977 to at least June 27, 1977 is not chargeable to the People. * * * Furthermore, while defendant did not actually request delay or prevent the presentation of the cases to the Grand Jury, the initial delay in presentation resulted from the negotiations which he and his father initiated. Nor is there any distinction between preindictment and postindictment delay resulting from negotiations and substitution of counsel as long as the delay 'results therefrom' *(People v Sturgis,* 38 NY2d [625,] at 628, *supra)."* Trial Term's holding is supported by *People v Panarella* (50 AD2d 304, 306) where the court noted that to charge the People with preindictment delay caused by plea negotiations initiated and approved by the defense would lend encouragement to a practice "whereby the defense may actively participate in the preindictment delay by express acquiescence and urgings and thereby secure the dismissal of an indictment." *(People v Panarella, supra,* p 306.) *People v Rivera* (72 AD2d 922), cited by the majority is distinguishable. In *Rivera* there was no showing, as there is here, that the defendant initiated the plea negotiations, that the defendant's family made numerous offers of co-operation with the police in exchange for favorable treatment, and that during the same time period the defendant changed counsel upon two occasions. In my opinion the record is sufficient to support the court's determination that the preindictment delay from April 20 to June 27 resulted from these factors (see *People v Sturgis,* 38 NY2d 625). The majority, however, reach the opposite conclusion. The record contains no opposing affidavit from defendant, his father, Mr. Saporito, or Mr. Crimi or anyone having direct knowledge of the facts. Nothing was produced by defendant contrary to the People's affidavits or to the court's finding that the negotiations resulted in the delay except a letter from defendant's present attorney, who had no personal knowledge of the circumstances, containing arguments, on the law, and as to conclusions to be drawn from the affidavits. Without further proof either at a hearing or in additional affidavits I see no basis in the record to support a finding contrary to that reached by the trial court. But even if we charge the People with the entire 68-day period from April 20 to June 27 (ignoring the fact that some portion of the delay would properly have been assessed against defendant under CPL 30.30 [subd 4, par (f)] because of the defendant's dismissal and retention of two attorneys) the total period of delay attributable to the People would be 173 days—a period within the sixth-month rule (see CPL 30.30, subd 1, par [a]). The four-day period from April 16, 1977 until the preliminary hearing on April 20, 1977 is excludable under CPL 30.30 (subd 4, pars [a], [b], [f]). The six-day period from October 14, 1977 to October 20, 1977 should not be charged to the People because it was delay caused by the "usual practice" of the County Clerk's office in giving out-of-town defendants time in which to appear for their arraignment and for the defendants' benefit (cf. *People ex rel. Franklin v Warden, Brooklyn House of Detention for Men,* 31 NY2d 498). The four-day period from October 20, 1977 to October 24, 1977—a continuance requested by defense counsel—is clearly chargeable to the defendant (CPL 30.30, subd 4, par [b]). The remaining 65-day period from October 24, 1977 to December 14, 1977 is also excludable because of pending motions under CPL 30.30 (subd 4, pars [a], [b]). The language of CPL 30.30 is unambiguous. It requires the People to be ready within six months of the commencement of the action and that "In computing the time within which the people must be ready for trial" certain periods specified in subdivision 4 "must be excluded" (CPL 30.30, subd 4). Trial Term correctly found that the People met the statutory requirement (see, generally, 3 Zett, New York Criminal Practice, pars 23.4, 23.5). (Appeal

from judgment of Monroe Supreme Court—criminal sale controlled substance, second degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.