THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DWIGHT BATTLES, Appellant.

Fourth Department, December 12, 1980

### APPEARANCES OF COUNSEL

*Rose H. Sconiers (Joseph Shifflett* of counsel), for appellant.

*Edward C. Cosgrove,* District Attorney *(David Gregory* of counsel), for respondent.

### OPINION OF THE COURT

MOULE, J.

Defendant was convicted of three counts of robbery in

the first degree, two counts of criminal possession of a weapon in the second degree, and one count of criminal possession of a weapon in the fourth degree. He appeals from a denial of his motion to dismiss the indictment for failure to provide a speedy trial under CPL 30.30 on the ground that the delay exceeded 180 days.

After reviewing the record, the trial court determined that the period from November 2, 1977, when defendant was arraigned on the original indictment, to November 23, 1977, when a superseding indictment was handed down, would be charged to the People; that because of defendant's omnibus motions, his *Wade* hearing and his homicide trial, the period from November 23, 1977 to April 11, 1979 would be excluded; that because there was no time excludable from April 11, 1979 to September 19, 1979, this period would be charged to the People; that because the delay was due to defense counsel's request, the period from September 19, 1979 to November 13, 1979 would be excluded; and that because the court gave preference to another case, the period from November 13, 1979 to December 3, 1979 would be excluded. The trial court thereupon computed that 182 days were chargeable to the People and determined that the limit of six months under CPL 30.30 had not been exceeded.

Defendant contends that of the period running from November 23, 1977 to April 11, 1979, the first five days should have been charged to the People because he was not arraigned on the superseding indictment until November 28, 1977. Defendant asserts that the court incorrectly excluded these five days and, further, that by the court's own calculation, the People were over the limit of six months.

█ If the People are not ready for trial within six months of commencement of a criminal felony action, the indictment must be dismissed unless the People establish statutory periods of exclusion which justify the delay *(People v Rivera*, 64 AD2d 815, 816; *People v Cook*, 63 AD2d 842, 843; *People v Del Valle*, 63 AD2d 830, 831). It has been held that the limit of six months states a precise cutoff *(People v Dean*, 45 NY2d 651, 656), that a defendant need not demonstrate prejudice resulting from the delay *(People v Hamilton*, 46 NY2d 932, 933-934) and that a *de*

*minimis* delay of several days past the six months still violates the statute *(People v Clary*, 71 AD2d 1053).

■ Defendant's contention that the five days from November 23, 1977, when the superseding indictment was handed down, to November 28, 1977, when he was arraigned on this indictment, should have been charged to the People is not supported by the evidence. At a hearing conducted by the court on defendant's motion, the District Attorney in charge of the case stated that the delay was due to defense counsel's scheduling difficulties. This was not rebutted by defendant and, consequently, the time should be excluded under CPL 30.30 (subd 4, par [f]).

■ In drafting the time limits set forth in CPL 30.30, the Legislature specified the time periods in terms of days for violation and misdemeanor criminal offenses (CPL 30.30, subd 1, pars [b], [c], [d]) but in terms of months for felony criminal offenses (CPL 30.30, subd 1, par [a]). Consequently, the delay in this case is to be calculated in terms of calendar months and this period is not necessarily equal to 180 days (General Construction Law, §§ 30, 31; see, also, 59 NY Jur, Time, § 7).

The periods charged to the People are November 2, 1977 to November 23, 1977 and April 11, 1979 to September 19, 1979. This represents a period of five months and 29 days and is within the statutory limit even though it is equal to 182 days. Because the delay is within the statutory limit, we do not find a need to address the People's contention that the period from November 2, 1977 to November 23, 1977 should have been excluded.

The judgment of conviction should be affirmed.

SIMONS, J. P., HANCOCK, JR., SCHNEPP and CALLAHAN, JJ. concur.

Judgment unanimously affirmed.