■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC DILLARD, Appellant.—Judgment unanimously affirmed. Memorandum: After his conviction for the second time of the crime of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, defendant raised several issues on appeal, principal among which was that his indictment should have been dismissed because of the failure of the People to demonstrate their readiness for trial within six months of the commencement of the criminal proceedings against him as mandated by CPL 30.30. Since his statutory motions were denied without a hearing, we remanded the matter to Erie County Court for the single purpose of conducting a hearing and making findings to determine whether the statute had in fact been complied with. After review of the record of the remanded hearing defendant's conviction must be affirmed. On May 20, 1977 this court reversed defendant's earlier conviction and ordered a new trial *(People v Dillard,* 57 AD2d 1049). Defendant's new trial on the same indictment commenced October 17, 1978, a passage of some 17 months from the commencement of the criminal proceedings. Upon a showing by a preponderance of evidence that the People were not ready for trial within six months of the commencement of a criminal action an indictment must be dismissed unless the People establish statutory

periods of exclusion which justify the delay (CPL 30.30, subd 4; see *People v Rivera*, 64 AD2d 815; *People v Del Valle*, 63 AD2d 830). A review of the record of the remand hearing indicates that the People have met their burden and County Court so held. County Court determined and the parties conceded that the criminal action herein was deemed to have commenced on May 20, 1977, the date of the reversal of defendant's prior conviction. Defendant was returned to Erie County and arraigned in County Court on June 27, 1977, at which time the People moved the case for trial. Thus there had transpired 38 days which were not excludable to the People under CPL 30.30. There then occurred some further delays, some chargeable to defendant and some to the court, none of which is significant. Of critical importance is September 6, 1977, a date which had earlier been set for trial of defendant. On the appointed day the People and defendant's attorney appeared in court but the defendant, having been released on bail, failed to appear. Bail was revoked and a Bench warrant issued. The following day defendant appeared voluntarily. There then followed numerous appearances by defendant in court for varying reasons; e.g., assignment of new counsel, disqualification of a Judge, plea negotiations, speedy trial motions. On each appearance the People indicated their readiness for trial. With the exception of one 27-day period beginning on January 3, 1978 when the People reported to the court their inability to proceed because of the unavailability of a witness the People remained ready to try the case. The delay in ultimately bringing defendant to trial is attributable to defendant and to court congestion, the latter reason being accountable for some 283 days. From this, however, defendant can find little solace. CPL 30.30 requires that the People be ready for trial within six months of the commencement of a criminal action, not that they are to afford defendant a trial within the prescribed statutory period. Consequently, "court congestion before the District Attorney is ready for trial * * * is irrelevant and thus cannot excuse the District Attorney's failure to be ready. While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial" *(People v Brothers,* 50 NY2d 413, 417). The record here clearly demonstrates the District Attorney's availability to try the case by his continuing communication of his "readiness for trial to the court on the record" *(People v Hamilton,* 46 NY2d 932, 933). This readiness is further amplified by the record statements of the prosecutor assigned to the case that no significant preparation was needed for retrial since the People had a transcript of the first trial and their witnesses consisted of one police officer and a chemist. While the post-arraignment communications of readiness by the People in all probability foreclosed any successful attack by defendant under CPL 30.30, this became a certainty on September 6, 1977 when defendant failed to appear for his scheduled trial. "Once the District Attorney had effectively announced his readiness for trial the operational effect of CPL 30.30 was exhausted" *(People v Brothers, supra,* p 417). We have considered defendant's remaining arguments raised on this appeal and find them to be without merit. (Appeal from judgment of Erie County Court—criminal possession of controlled substance, third degree.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.