OPINION OF THE COURT
Louis H. Mariani, J.
Defendant, here charged with a violation of section 240.25 of the Penal Law, moves for, inter alia, dismissal of the charge against him on the ground that his statutory right to a speedy trial within 30 days from commencement of this prosecution has been violated. (CPL 30.30, subd 1, par [d].)
Both the District Attorney and defense counsel have submitted written arguments for the court’s consideration of the motion. Given the general agreement as to the facts and dates pertaining to this prosecution, we address the related points of law raised in the submitted papers as dispositive of defendant’s motion.
The factual framework is as follows: On August 23,1982, the alleged complained of conduct by the defendant occurred. On September 1, 1982, an accusatory instrument was signed by the police officer involved in this prosecution. On September 18, 1982 a criminal summons was *505 issued by the court directing the defendant to appear for arraignment on October 28, 1982. The defendant was served with the summons on October 22, 1982, and appeared in court for arraignment on November 1,1982. Two pretrial conferences were had and defendant’s instant motion was returnable December 3, 1982.
The defendant would have this court compute the time period prescribed by CPL 30.30 (subd 1, par [d]) as being 83 days. This figure is reached by deeming September 1,1982, as the commencement of the action and including all subsequent days until November 23, 1982, when this motion was made. We cannot agree with this computation. September 1, 1982, is the date that the accusatory instrument was affirmed to by the police officer involved. However, the court copy of the information indicates said instrument was actually time stamped as being filed on September 30, 1982. Defendant’s contention, although erroneous, is understandable given the fact that the copy of the accusatory instrument did not bear any date of filing.
Turning to the People’s opposition to defendant’s motion, we find a novel argument in all likelihood occasioned by the recent amendment to CPL 30.30 (subd 5, par [b]). The Legislature, perhaps prompted by the concerns expressed in People v Colon (110 Misc 2d 917, revd 112 Misc 2d 790), has re-evaluated when an action is to be deemed commenced for speedy trial purposes when an accused has been issued an appearance ticket. Now, a criminal action against a defendant commences on the date that he first appears in court “in response to the [appearance] ticket”. (CPL 30.30, subd 5, par [b]; emphasis added.) The People contend that a summons and an appearance ticket are so similar in substance that the criminal action is deemed commenced for speedy trial purposes when a defendant first appears in response to the summons, in this case on the November 1,1982, arraignment date. We cannot agree with this time computation and designation of the date of commencement.
Initially, we note the very basic concept of criminal statutory construction that, had the Legislature sought to include the summons situation within the scheme estab *506 lished by the amendment to CPL 30.30 (subd 5, par [b]), they would have specifically done so.
Secondly, we note critical distinctions between a criminal summons and an appearance ticket which we feel preclude the People’s contention in a CPL 30.30 discussion. A criminal summons may be “issued only by a court and only upon the basis of an information or complaint which has been lodged with such court.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 130.10, p 165.) An appearance ticket, on the other hand, is issued without court directive and prior to the filing of an information. Furthermore, an appearance ticket is served upon a defendant with its issuance; whereas a criminal summons as defined in CPL 130.10 is served upon the defendant at a later date after the court subscribes same. We, therefore, encounter none of the potential notice and due diligence in service issues associated with CPL 30.30 time constraints. (See, also, Rosario v Amalgamated Ladies’ Garment Cutters’ Union, 605 F2d 1228.)
For the above reasons, we conclude that CPL 30.30 (subd 5, par [b]) does not apply to commence this prosecution in November, 1982, with defendant’s arraignment in court.
We find, in accordance with CPL 30.30, that the instant prosecution was commenced on September 18, 1982, with the issuance of the summons. CPL 130.10 combines the acts of issuing a summons and filing an accusatory instrument as being the conditions precedent to a prosecution.*
Utilizing September 18, 1982, the statutory period of 30 days had expired prior to October 22, 1982, when the defendant was served. The People, relying solely on what we feel to be a misplaced application of CPL 30.30 (subd 5, par [b]) have never contended the defendant was not available or could not be found with due diligence. Accordingly, defendant’s motion to dismiss is granted.

 We here express concern for an apparent court and law enforcement clerical problem whereby accusatory instruments are not simultaneously time stamped with the issuing of a summons. The practice makes the determination of when a prosecution commences extremely difficult and can lead to invalid summons being issued prematurely.