OPINION OF THE COURT
William Miller, J.
Defendant Nathan Bonner moves to dismiss the above-captioned case upon the ground that he has been denied the right to a speedy trial in that the People were not ready for trial within the time limitation of CPL 30.30.
Specifically defendant contends that all periods of time from the commencement of this action by reduction to misdemeanor complaint status until its conversion to an information 75 days later, must, as a matter of law, be chargeable to the People. The People have alleged, in substance, that much of the elapsed time prior to conversion is excludable pursuant to statute.
FINDINGS OF FACT
On August 25, 1983, defendant was arraigned in Criminal Court and charged with the crime of criminal possession of a forged instrument in the third degree and criminal possession of stolen property in the third degree.
The case was adjourned for motions on August 30, 1983. However, the People failed to serve an answer on September 26 and October 11. Although a corroborating affidavit *917 was filed on November 10, 1983, the People failed on this and two succeeding adjourn dates, December 1, 1983 and December 27, 1983 to turn over the previously ordered discovery material. This time was charged to the People and is conceded by them. The instant speedy trial motion was filed on December 27, 1983. On January 11, 1984, the People provided the requested discovery material; they however, did not answer “ready” until the 16th of January.
CONCLUSIONS OF LAW
The burden of proof with regard to establishing a speedy trial violation initially rests with defendant who must make a prima facie showing of undue delay. However, the People must come forward with an explanation of why they are not chargeable with delay in excess of 90 days (People v Rivera, 72 AD2d 922; People v Giordano, 73 AD2d 824; People v Thill, 75 AD2d 709; People v Berkowitz, 50 NY2d 333).
Defendant was arraigned on August 25, 1983. Based on the rules set forth in CPL 30.30 (subd 1, par [b]), the People are allowed a period of 90 days to be ready for trial. The corroborating affidavit was filed 75 days from date of arraignment. A total of 122 days elapsed from that arraignment to the date of the within motion; an additional 20 days elapsed until the People indicated readiness for trial.
As stated above defendant argues that the entire period of time from commencement of the action until conversion by filing of a corroborative affidavit is chargeable to the People (i.e., a period of 75 days). Defendant further contends that all periods after the date of conversion chargeable for CPL 30.30 purposes should be tacked on to the initial 75 days’ preconversion period.
It is defendant’s position, in substance, that until the corroborating affidavit was filed the People did not have a jurisdictionally valid instrument upon which they could have been ready for trial. In such case, defendant argues that the time expended on the resolution of pretrial motions would not be properly excludable as not being the cause of the People’s inability to answer ready for trial.
*918 The People rely on the fact that the corroborating affidavit was filed within 90 days of the commencement of the action and urge the court to make an independent investigation under CPL 30.30 and thereby exclude for speedy trial purposes all periods of delay prior to conversion attributable to pretrial defense motions. In effect they claim that the strict 90-day period for conversion mandated by People v Colon (59 NY2d 921), is separate, distinct, and irrelevant to the time provisions of CPL 30.30.
The court finds that the filing of a corroborating affidavit is a jurisdictional prerequisite to prosecution of a case. Applying the principles of People v Sturgis (38 NY2d 625), the Court of Appeals has affirmed that the People cannot be ready without a timely conversion to a jurisdictionally sufficient information (People v Colon, 59 NY2d 921, supra). This same intent is reflected in other sections of the Criminal Procedure Law. For example, CPL 240.20, permits only a defendant against whom an information is pending to demand discovery. The statute contemplates that a prima facie case exist before the resources of the court are committed to its further preparation. An over-all reading of the CPL leads to the conclusion that the Legislature intended (and the courts traditionally expect) the People to expeditiously bring a case before the court in a jurisdictionally proper form. (See People v Arturo, NYLJ, Feb. 17, 1984, p 13, col 3, citing People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444).
Indeed, the court in Arturo (supra), emphasized the logic of the CPL provisions regarding discovery. If the complaint were never converted to an information, then the charges would of necessity be dismissed, rendering irrelevant all of the efforts expended on pretrial motions.
As demonstrated in People v Colon (59 NY2d 921, supra), periods of exclusion provided for in CPL 30.30 cannot justify delay in completing fundamental tasks which remain totally in the People’s control. On the contrary, CPL 30.30 imposes a strict standard of diligence upon the People with respect to all matters fundamental to the prosecution of a case. (See People v Osgood, 52 NY2d 37.) Clearly, the Legislature has imposed a strict standard of diligence upon the prosecutor to insure speedy trial. There cannot be *919 one standard of readiness under People v Colon (supra), and another standard for compliance under CPL 30.30.
Given the above, the court finds that the period of time during which the People failed to file a corroborating affidavit is chargeable to them in full (75 days). In addition, the adjournments of November 10 and December 1, are concededly chargeable to the People, a period of 47 days. Further, the People failed to answer “ready” until January 16, 1984 (a total of 141 days). These failures did not allow the People to be ready for trial within 90 days of the commencement of the action.
Therefore, the motion to dismiss said misdemeanor information on the grounds that defendant was denied his right to a speedy trial under CPL 30.30 is granted.