OPINION OF THE COURT
Louis H. Mariani, J.
The defendant’s motion to dismiss for denial of her right to speedy trial compels the court to discuss whether the time period between defendant’s initial arraignment on a felony complaint and its reduction to a misdemeanor is chargeable solely to the People.
Extensive affidavits were submitted by both counsel. Given the general agreement as to facts and dates, a hearing was unnecessary (People v Gruden, 42 NY2d 214; People v Thill, 75 AD2d 709 [4th Dept 1980]) and the court relies on the record created at the oral agreement, together with transcripts of prior court appearances.
The initial prosecution for the felony of criminal possession of marihuana in the second degree was commenced on September 7,1983. We establish this date in accordance with the principles previously outlined by this court in People v Eckert (117 Misc 2d 504 [1983]).* The defendant was arraigned and released on bail *545 on September 8,1983, with an initial preliminary hearing being scheduled for September 29,1983. Five subsequent preliminary hearing dates were calendared, with both defense counsel and the People appearing. As conceded by the People during oral argument, at “each one of them * * * the People were not ready for preliminary examination,” and a new date was then routinely scheduled. On March 26, 1984, some 198 days after this action was commenced, the court granted the People’s motion to reduce the pending felony to a misdemeanor charge of criminal possession of marihuana in the fourth degree. The People simultaneously announced their readiness for trial for the record. Defendant immediately asked the court to consider the speedy trial ramifications of the lengthy prereduction delay and the instant motion was made returnable April 13, 1984.
CPL 30.30 (5) (c) controls the standard for establishing speedy trial time limitations when an action is commenced by felony complaint and is later amended to an information. Basically, the People have six months within which to be ready on a felony. If the total amount of time chargeable to the People prior to the reduction to the misdemeanor exceeds six months, then the action must be dismissed. If this period is not six months, then the period of time within which the People must be ready is that designated for a misdemeanor and commences to run with the filing of the new instrument. In accordance with these principles, the People’s opposition to defendant’s motion to dismiss is “wholly without merit.”
A defendant’s statutory right to a speedy trial “relates to prosecutorial readiness and is not dependent in any way on whether defendant has expressed his readiness for trial or whether defendant has been prejudiced by delay”. (People v Thill, supra, at p 710, citing People v Hamilton, 46 NY2d 932.) The record is clear that the People concede they were never ready to proceed with a preliminary hearing, no less to trial. “Clearly in felony cases, until an indictment is returned, the People are not in a position to answer that they are ready for trial.” (People v Zisis, 113 Misc 2d 998, 999 [1982].)
The People contend that the defendant is chargeable with any delays that the defense requested or consented to. We do not need to reject this general theory in this case as we are only able to find support for same in postindictment situations. (See, People v Pace, 71 AD2d 609 [2d Dept 1979].) The preindictment standard provides that “[f]or * * * delay to be chargeable to defendant it must be shown that the delay was attributable to *546 defendant, that the indictment was impeded or prevented by defendant’s actions”. (People v Thill, supra, at p 710; People v Sturgis, 38 NY2d 625 [1976].)
Here the defendant cannot possibly be found to have impeded or prevented the timely progress of her prosecution. Her attorney merely joined with the court in choosing a mutually convenient adjourned date as an inevitable, practical consequence of the District Attorney not being ready to proceed. Once it had become clear that the People were not going forward, it served no purpose to require defense counsel to refuse to recalendar the case. Further, there is nothing in the record to support the argument that the delay was related to plea negotiations. Defendant denies any involvement in seeking the reduction, which was only speculated on by the District Attorney. Moreover, “[D]uring this preindictment period the matter is wholly under the control of the People and there is nothing the defendant can do to prevent or delay the presentment of the case to the Grand Jury.” (People v Thill, supra, at p 710; People v McCaffery, 78 AD2d 1003 [4th Dept 1980]; People v Babcock, 86 AD2d 979 [4th Dept 1982].)

 Although affirmed to on August 31, 1983, the felony complaint itself contains no indication of a filing date (“an apparent court and law enforcement clerical problem” noted in People v Eckert, supra, p 506, n). However, an arrest warrant was issued on September 7, 1983, and we deem this to be the date of commencement. CPL 120.10 combines the acts of issuing a warrant and filing an accusatory instrument as being the conditions precedent to a prosecution.