People v Shammah (2024 NY Slip Op 03971)

People v Shammah

2024 NY Slip Op 03971

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

450 KA 23-01568

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ABRAHAM SHAMMAH, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN, LLP, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Seneca County Court (Barry L. Porsch, J.), rendered August 30, 2023. The judgment convicted defendant upon a guilty plea of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to Seneca County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [5] [i]), defendant contends that County Court erred in denying that part of his motion seeking to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We agree.
Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]). Once a defendant has shown the existence of a delay greater than six months, the People bear the burden of proving that certain periods within that time should be excluded (see People v Berkowitz, 50 NY2d 333, 349 [1980]; People v Bish, 227 AD3d 1408, 1409 [4th Dept 2024]).
Here, defendant met his initial burden on the motion inasmuch as he was charged by felony complaint on April 26, 2021 (see CPL 1.20 [17]) and the People did not announce their readiness for trial until May 25, 2022, a period of 394 days.
Moreover, we agree with defendant that the court erred in determining that the total time chargeable to the People was only 125 days inasmuch as we conclude that the People failed to meet their burden of establishing a basis to exclude from the statutory calculations the 125-day period from January 20, 2022, the date on which the defendant purportedly asked the People to "hold off" presenting the matter to the grand jury, until May 25, 2022, when the People announced readiness for trial. The People's blanket assertion to the court that "all delays in this matter, from arrest to the People announcing readiness for trial were at the request of the defendant" was not sufficient to demonstrate why they are not chargeable with that 125-day delay (see People v Rivera, 72 AD2d 922, 923 [4th Dept 1979]).
Inasmuch as the total time chargeable to the People exceeds the six-month period allowed pursuant to CPL 30.30, defendant was denied his right to a speedy trial. The court thus erred in denying that part of defendant's motion seeking to dismiss the indictment (see generally CPL 30.30 [1] [a]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court