THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSEPH MORTON, Respondent

No opinion. Hopkins, Benjamin and Munder, JJ., concur: Rabin, Acting P. J., and Nolan, J., dissent and vote to reverse the order and to deny the motion to dismiss the indictment, with the following memorandum: Defendant was indicted in Nassau County on March 25, 1958, for the crimes of assault in the first degree and assault in the second degree committed on October 20, 1956. He was not apprehended by the police until June 1, 1965. Thereafter his motion to dismiss the indictment, pursuant to section 668 of the Code of Criminal Procedure, was granted, by the order appealed from, because of the delay between the date of the indictment, and the date of defendant's arraignment, seven years and two months thereafter. In dismissing the indictment, despite the fact that defendant was not in custody during the period of delay, and although it was not contended that the law enforcement authorities of Nassau County had actual knowledge of defendant's place of residence or employment, the learned County Judge held that dismissal was required because subsequent to the shooting on which the indictment was based defendant had continuously and openly resided and was employed in Queens County, under his own name, at all times possessed a New York State driver's license, had a motor vehicle registered in his name, filed Federal and State income tax returns, and regularly visited his brother in Glen Cove. He also found that during the same period of time, other than broadcasting a teletype alarm and the issuance of a warrant, the law enforcement authorities made no effort to locate the defendant, except to send several communications to South Carolina authorities, to make one inquiry of defendant's previous employer and several inquiries of defendant's brother. In our opinion, the indictment was improperly dismissed. The inference is inescapable, from the record, that both the defendant and his brothers were aware at all times that defendant was wanted by the police in connection with the shooting that had occurred on October 20, 1956. At that time defendant resided in Glen Cove, in Nassau County. Immediately after the crime was committed the police attempted, without success, to locate him there, and detained his brothers for questioning in connection with their inquiry for a considerable time on that day. Acting on information, apparently received from his brothers, they made frequent inquiries, between 1956 and 1959, of law enforcement authorities in South Carolina, where defendant had concededly visited relatives, from time to time before his arrest. Although defendant did not attempt to conceal his identity by living under an assumed name, his name is not an uncommon one, and it was not contended that the Nassau County authorities knew that he was residing in Queens, or in any other part of the City of New York. That defendant left Nassau County to avoid arrest is obvious and that he attempted to conceal the fact that he had lived in Glen Cove may be inferred

from the testimony of the arresting officer (struck out by the court as irrelevant) that defendant at the time of his arrest had denied, when questioned, that he had ever lived at a stated address in that city, and had subsequently admitted that he had lived there in 1956. Section 668 of the Code of Criminal Procedure was enacted to provide relief for persons denied a speedy trial and it has been held that its benefits may be claimed by any person under indictment, whether he be imprisoned to await trial on the pending charge, whether he be admitted to bail or whether he be a prisoner already serving a sentence in the same jurisdiction for a different crime (*People* v. *Prosser,* 309 N. Y. 353, 356) or in the custody of the public authorities, if elsewhere, and can readily be brought before the court in which the indictment is pending (cf. *People* v. *Piscitello,* 7 N Y 2d 387). It imposes no obligation on the defendant affirmatively to seek a prompt trial, or to be deemed to have waived it, but a defendant may consent to delay in bringing the indictment to trial, and thereby waive his right (*People* v. *Prosser, supra,* 309 N. Y. 353, 359; *People* v. *Piscitello, supra,* 7 N Y 2d 387). In the instant case the record clearly establishes that this defendant has been deprived of no right by any delay to which he did not consent, or in which he did not acquiesce. What he is actually complaining of is that he was deprived of the right to be promptly taken into custody, against his will. That right would have been immediately accorded him at any time if he had disclosed his whereabouts to the police. The statutory guarantee of a speedy trial was designed to prevent unjust restraint or oppression. It does not authorize a dismissal of the indictment for delay in prosecution under the circumstances disclosed in this case (cf. *People* v. *Tower,* 18 A D 2d 284, app. dsmd. 13 N Y 2d 1125; *Halcomb* v. *Eckle,* 110 Ohio App. 208). [50 Misc 2d 890.]