Gibson, J.
In this action, brought for specific performance of a stockholders’ agreement, the complaint was dismissed, following a nonjury trial, on the ground that the action was barred by the 6-year Statute of Limitations applicable to an action upon a contractual obligation or liability (CPLR 213). The trial court further found that the statute had not been tolled by reason of the absence from the State of defendants Warszawski and War son (CPLR 207; Civ. Prac. Act, § 19). The Appellate Division, First Department, unanimously affirmed upon the opinion of the trial court; and appeal to this court was taken by our leave.
We find inapplicable the 6-year statute pleaded in bar and conclude that the 10-year Statute of Limitations provided by section 53 of the Civil Practice Act, and recognized as governing actions in equity, applies and will be effective in this case, if the cause of action, which had accrued prior to the effective date of the CPLR, was not barred at that time (CPLR 218, subd. [b]).[1] We find, too, that defendants Warszawski and Warson (hereinafter “defendants”, the other named defendants being nominal only) failed to sustain the burden, cast upon them by virtue of their conceded status as nonresident aliens, of demonstrating their presence within the State of New York for such periods of time as to prevent the tolling of the statute (CPLR 207; Civ. Prac. Act, § 19). The trial court .said that it *423 was conceded that the action was commenced just short of 10 years after the accrual of the cause of action, hut, having found, the 6-year statute applicable, did not pass upon the various defenses interposed, other than that of the Statute of Limitations. Remittal is, therefore, necessary and will permit of proper development of the record in the respects in which it is now deficient.
Plaintiff owns 25% of the stock of Joint Property Owners, Inc., and defendants, who are father and son, own the remaining shares. The agreement in suit is between them and provides, among other things, that all three stockholders shall be directors and that a fourth director shall be elected annually; that any action taken by the board shall require the vote of at least three directors; that any action taken by the stockholders shall require the affirmative vote of 85% of the issued shares; that the real property of the corporation shall not be mortgaged without the written consent of stockholders owning 100% of the issued shares, and that, “ [i]n the event any of the provisions of this agreement shall be deemed illegal or against public policy, the validity or legality of any of the other provisions or any part thereof shall not be thereby affected. However, if any illegal provision can be cured by amending the certificate of incorporation, the parties agree to take such action immediately.”
Recognizing, apparently, the invalidity of the contractual provisions for supermajority control (Mook v. Berger, 6 N Y 2d 833; Matter of Faehndrich, 2 N Y 2d 468; Benintendi v. Kenton Hotel, 294 N. Y. 112) unless they should be embodied in the certificate of incorporation (Business Corporation Law, §§ 616, 709), plaintiff, according to his testimony, made repeated demands for appropriate amendment of the certificate of incorporation, which defendants as consistently refused. There is evidence that the first demand to meet with a refusal, thereby accruing the cause of action, was made on June 5, 1957, and thus within 10 years of the commencement of the action on May 15, 1967. In the present state of the record, however, it could, in any event, be found, absent proof by defendants in rebuttal of the presumption of their absence, that the limiting statute of 10 years was tolled.
The 10-year statute is found in section 53 of the Civil Practice Act, providing that: ‘ ‘ An action, the limitation of which is *424 not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues.”[2] This limitation was not carried over into the CPLR but remains in force in the cases specified in the transitional provisions of the new act (CPLR 218, subd. [bj).
The trial court’s application of the 6-year statute was grounded on the fact that the cause of action arose out of a contract, but this consideration is not the conclusive test. Thus, it was held in an early case that the remedy of specific performance of a contract for the sale of land ‘ ‘ does not depend and is not based solely upon the contract, but upon other circumstances in connection with the contract ” (Peters v. Delaplaine, 49 N. Y. 362, 372) and, further, that “ specific performance is granted or refused according to the circumstances of each case irrespective of the character or form of the contract or the foundation of the liability. (Story Eq. Jur., 742.) The contract gives the right of action; that is, without it no right of action would exist, but other circumstances enter into the question, whether the party is entitled to this particular relief” (ibid., pp. 372-373). Much later, in Hearn 45 St. Corp. v. Jano (283 N. Y. 139), judgment creditors sued in equity to set aside transfers' and follow the assets of the business, and a bona fide equity suit, susceptible of the 10-year statute, was made out despite the fact that it was possible for plaintiff to disregard the transfers and attach or levy execution upon the property conveyed. The court stated (p. 145): “Plaintiff was not forced to take such action, but could instead adopt the action which it did * * *. Thus there is clearly no remedy at law comparable to that available in equity [citation], and, therefore, the period of *425 limitation which would bar an action at law does not reduce the period which ordinarily limits a suit in equity.”[3]
These specific performance cases seem to us completely analogous to this and the concept underlying them—the absence of an “adequate” or “comparable” remedy at law—determinative here.
Thus tested, plaintiff’s cause of action is clearly dependent, for adequate enforcement, upon the equitable remedy of specific performance. According to his proof, plaintiff has suffered real detriment in that, among other things, a fourth director was elected in his absence and thereafter plaintiff was ousted from the board on the votes of but two directors. Were the agreement to be performed and the charter amended, the super-majority provisions would become effective, thus preventing actions of this nature in future and, indeed, enabling plaintiff to procure the rescission of the actions of which he complains. There appears no other suitable recourse; and, indeed, the deprivation of the minority control of a business corporation, as envisioned by the agreement, creates substantial but nonetheless intangible damage that cannot, in this instance at least, readily be measured monetarily. Defendants have not demonstrated the existence of any comparable legal remedy nor have they otherwise presented any effective argument to deny the consequent application of the 10-year statute.
Should the proof on the trial raise a question whether the action was actually commenced within 10 years of its accrual, the issue with respect to defendants’ absences from the State during the 1957-1967 period becomes important. It is provided by CPLR 207, which repeats without change in substance the provisions of section 19 of the Civil Practice Act, that: “If, when a cause of action accrues against a person, he is without the state, the time within which the action must be commenced shall be computed from the time he comes into or returns to the state. If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months or more, * * * the time of his absence * * * is not a part of the time within which the *426 action must be commenced.” A nonresident’s “ absence from the State is implied from his residence without the State, and he [has] the burden of proving his presence in the State for a sufficient time to bar the action. [Citations.] ” (McAvoy v. Harron, 26 A D 2d 452, 453, affd. 21 N Y 2d 821, mot. for rearg. den. 21 N Y 2d 971.) The fact that defendants are foreign nationals and nonresidents is shown on the record and was conceded, twice by defendants’ counsel in his opening, once for background ’ ’ and again in referring to a document which he said was ‘ sent to [defendant] Dr. Wars on to Switzerland, where he and his son [defendant Warszawski] reside ”, and the fact clearly appeared from defendant Warson’s testimony. There is no substantial evidence that defendant Warszawski was ever within New York State, although it may reasonably, be conjectured that he was within this State on occasion, on one or more of his visits to the United States, as to which there was some scanty proof. Neither is there proof that defendant Warson was in New York for such periods as to permit the statute to run its course; his testimony being that in only one year did he spend more than six months in the United States, and that on his visits, “ I was in New York; I was in Toronto; I was in Boston ”.
Clearly, then, the defendants, being foreign nationals and nonresidents, failed to sustain their burden of proving that they were not ‘‘ continuously absent * * * for four months or more” from the State of New York for such periods as would toll the statute (CPLB 207; Civ. Prac. Act, § 19; McAvoy v. Harron, supra), if the statute would otherwise have run. The trial court’s decision failed to take account of the presumption and mistakenly relied on Turner v. American Metal Co. (268 App. Div. 239, app. dsmd. 295 N. Y. 822), which is inapplicable on its face by reason of the facts to which the statute as then and differently constituted was applied, and on Jamaica Nat. Bank v. Le Reiz Constr. Corp. (283 App. Div. 825), which followed Turner. Also in error was the court’s reliance upon long-arm jurisdiction under the statute (CPLB 302, subd. [a], par. 1) which was effective only for some three and one-half years prior to the commencement of the action (CPLB 207, subd, 3).
*427 The order of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Fuld and Judges Burke, Scileppi, Bebgaeí, Breitel and Jasen concur.
Order reversed, etc.

. The trial court found: “Concededly, the plaintiff instituted his action after almost ten years from the time defendants first refused to sign an amended certificate of incorporation ”; but as to this respondents’ brief in this court is not completely unequivocal.

. Professor McLaughlin, in his 1962 Survey of Civil Practice (14 Syr. L. Rev. 347, 355-356), states: “The ten-year residual statute of limitations applies generally to actions in equity. This has encouraged tardy plaintiffs, whose causes of action are barred at law, to conjure up claims for equitable relief to obtain thereby the benefit of the longer statute of limitations. Courts have always followed the rule that where the plaintiff has an adequate remedy at law, any equitable claims he might have are subject to the legal statute of limitations. * * * Actions for specific performance have created many problems, but most courts have held that actions for the specific performance of a contract to sell land are governed by the general ten-year statute of limitations.”

. See, also, 2 Carmody-Wait 2d, New York Practice, §§ 13:36-13:38; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 213.03.