■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WASHINGTON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 8, 1974, convicting him of driving while intoxicated, as a felony, upon his plea of guilty, and imposing a sentence, *inter alia,* of five years' probation and a $300 fine or three months in jail. Judgment affirmed as to the conviction; judgment reversed as to the sentence, on the law, and case remanded to the County Court for resentencing. The proper sentence to be imposed upon a conviction for driving while intoxicated, as a felony, is to be found in sections 55.10, 60.01 and 70.00 of the Penal Law and not in section 1192 of the Vehicle and Traffic Law (see *People v Messinger,* 35 NY2d 987, affg 43 AD2d 15; *People v Bouton,* 40 AD2d 383). Thus, the sentence, which imposed both a fine and probation, was invalid as a matter of law. We find no merit in the argument that appellant was deprived of his right to a speedy trial; his failure to appear in court as scheduled, and his unexplained whereabouts thereafter, were the prime causes of the delay, which, in any event, did not prejudice him (see *People v Taranovich,* 37 NY2d 442). Rabin, Acting P. J., Martuscello, Cohalan, Margett and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING W. CHRISTIAN, Appellant, v LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated September 11, 1974, which dismissed the proceeding. Appeal dismissed as moot, without costs. Petitioner, having served his sentence, is no longer in respondent's custody *(People ex rel. Miller v Follette,* 33 AD2d 789). Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.

■ JUAN RODRIGUEZ, Appellant, v E. BURGER et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 1, 1973, in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact questions have been raised or considered on this appeal. It was error for the trial court to exclude the testimony of Mr. Perez, the original lessee of the store, as to the condition of the basement a short time after the occurrence of the accident (see, e.g., *Gray v Siegel-Cooper Co.,* 187 NY 376, 381–382; Richardson, Evidence [Prince, 10th ed], § 193). Gulotta, P. J., Rabin, Latham and Shapiro, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment.

■ RUTH ROTH et al., as Executors of CHARLES ROTH, Deceased, et al., Respondents, v INSURANCE COMPANY OF NORTH AMERICA, Appellant.—In an action *inter alia* to recover a sum of money, defendant appeals (by permission) from an order of the Appellate Term, Ninth and Tenth Judicial Districts, dated January 7, 1975, which (1) reversed a judgment of the City Court, City of Yonkers, entered April 30, 1974, in favor of defendant upon the trial court's dismissal of the complaint at the close of plaintiffs' case, at a jury trial, and (2) ordered a new trial. Order affirmed, with costs, on the *Per Curiam* opinion at the Appellate Term. No questions of fact were presented or considered on the instant appeal. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.