■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RODNEY MILLER, Also Known as EDWARD ROCK, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated October 3, 1977, which granted defendant's motion to dismiss the indictment for failure to provide a speedy trial. Order reversed, on the law and the facts, and indictment reinstated. We find here that the four- and one-half-year delay in bringing this matter on for trial was occasioned by defendant's absconding after his arraignment in the Criminal Court. The inference is inescapable, from his own admission, that he was living with his codefendant, who was held for the Grand Jury after a Criminal Court hearing which he avoided, and that he was aware of his indictment and avoided judicial process. "We find no merit in the argument that appellant was deprived of his right to a speedy trial; his failure to appear in court as scheduled, and his unexplained whereabouts thereafter, were the prime causes of the delay, which, in any event, did not prejudice him (see *People v Taranovich,* 37 NY2d 442)." (*People v Washington,* 49 AD2d 914; see, also, *People v Morton,* 22 NY2d 674, revg 28 AD2d 913 on the dissenting opn of Justices Rabin and Nolan at the App. Div.) Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PAGAN, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed May 9, 1977, upon his conviction of criminal sale of a controlled substance in the third degree and attempted criminal possession of a weapon in the third degree, upon his plea of guilty. Sentence modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for criminal sale of a controlled substance in the third degree from an indeterminate term of from four years to life imprisonment to an indeterminate term of from two years to life imprisonment. As so modified, sentence affirmed. The sentence imposed was excessive to the extent indicated herein. Hopkins, J. P., Martuscello, Latham and Gulotta, JJ., concur.