■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS COHEN, Appellant.—Appeal by defendant from six judgments of the County Court, Nassau County, all rendered November 8, 1976, convicting him of (1) burglary in the third degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence (Indictment No. 43648), (2) burglary in the second degree, on a plea of guilty, and imposing sentence (Indictment No. 44549), and (3) four counts of burglary in the third degree, on pleas of guilty, and imposing sentence (Indictment Nos. 43558, 43715, 43779 and 43904). By order dated August 7, 1978, this court (1) affirmed the judgments rendered as to Indictment Nos. 44549, 43558, 43715, 43779 and 43904 and (2) as to Indictment No. 43648, remanded the case to the County Court, Nassau County, to hear and report on defendant's claim that he was denied a speedy trial and directed that the appeal with respect to said indictment be held in abeyance in the interim *(People v Cohen,* 64 AD2d 905). The County Court has now complied. Judgment rendered as to Indictment No. 43648 modified, on the law, by reducing the conviction of attempted grand larceny in the third degree to one of attempted petit larceny. As so modified, judgment affirmed. On remand the trial court found that on May 9, 1975, defendant had pleaded guilty to burglary and grand larceny under Indictment Nos. 42414 and 42098. Defendant was subsequently released on a surety bond and directed to appear at a narcotics rehabilitation center for testing. He failed to report to the narcotics center and subsequently did not appear for sentencing on September 4, 1975, or, after an adjournment requested by his attorney, on September 8, 1975. Defendant's bail was forfeited, and a bench warrant issued. On November 18, 1975, when the instant indictment (No. 43648) was returned, defendant's whereabouts were unknown. He was arrested on March 7, 1976 as a suspect in still another burglary, to which he subsequently pleaded guilty (Indictment No. 44364). The inference is inescapable that, in the intervening period, defendant was "attempting to avoid apprehension" on the first indictments (Indictment Nos. 42414 and 42098) (see *People v Patterson,* 38 NY2d 623; *People v Miller,* 61 AD2d 1036; *People v Washington,* 49 AD2d 914). The prearrest delay, therefore, resulted from defendant's "absence"

within the meaning of CPL 30.30 (subd 4, par [c]). As to the delay between arrest and trial, by defense counsel's own estimation, less than four months was attributable to the District Attorney. At the hearing, defendant failed to demonstrate that he suffered any prejudice as a result of the pretrial delays. In these circumstances, neither defendant's statutory nor constitutional right to a speedy trial was violated (see CPL 30.20, 30.30; *People v Taranovich*, 37 NY2d 442). We agree with defendant that, at the trial on Indictment No. 43648, the People failed to prove that the value of the goods that defendant had attempted to steal exceeded $250 (see Penal Law, §§ 155.20, 155.30). Accordingly, his conviction of attempted grand larceny in the third degree should be reduced to attempted petit larceny. Since defendant has already served the maximum time to which he could be sentenced on the attempted petit larceny conviction, there is no need to remand for resentence (see *People v Bell*, 55 AD2d 624). We have examined defendant's remaining contentions, and find them to be without merit. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.