■ ONONDAGA LANDFILL SYSTEMS, INC., Petitioner, v ROBERT F. FLACKE, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Respondents. (Appeal No. 2.) — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: We have recently upheld the authority of the Commissioner of the Department of Environmental Conservation to promulgate rules for the regulation of solid waste management facilities under 6 NYCRR Part 360 *(Town of Junius v Flacke,* 71 AD2d 423, affd 53 NY2d 616). Pursuant to those regulations the commissioner determined that petitioner had failed to meet the criteria set forth therein and denied its application for a permit to continue its existing operations and for an additional permit to expand its facilities. The major findings on which the commissioner based his determination are amply supported in the record, largely unrebutted, and, in some instances, established through petitioner's own witnesses. Inasmuch as it is supported by substantial evidence, the determination must be confirmed *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present — Cardamone, J. P., Doerr, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERLE STEELE, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with the following memorandum: Defendants appeal from their convictions of burglary in the third degree (Penal Law, § 140.20) and attempted grand larceny in the second degree (Penal Law, §§ 110.00, 155.35). We conclude that the circumstantial evidence connecting defendant Steele with the crime permits no reasonable hypothesis except that of guilt and, therefore supports the conviction (see *People v Benzinger,* 36 NY2d 29, 32). We agree with all three defendants that the People failed to prove that they attempted to steal property having a value in excess of $1,500 or, indeed, having any specific value. Accordingly, the convictions of attempted grand larceny in the second degree are reduced to attempted petit larceny (Penal Law, § 155.25; see *People v Cohen,* 66 AD2d 901, 902). Inasmuch as defendants have already served the maximum time to which they could be sentenced on the attempted petit larceny conviction, there is no need to remand for resentencing (see *People v Cohen, supra; People v Bell,* 55 AD2d 624). We do not find the sentences imposed for the convictions of burglary in the third degree to be excessive. (Appeal from judgment of Erie Supreme Court — burglary, third degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.