hearing, if appropriate (see ECL 70-0109, subd 2; ECL 70-0119, subd 1; 6 NYCRR 621.7, 621.8), that a final determination can be made. (Appeal from judgment of Onondaga Supreme Court — art 78.) Present — Cardamone, J. P., Doerr, Denman, Moule and Schnepp, JJ.

■ ONONDAGA LANDFILL SYSTEMS, INC., Petitioner, v ROBERT F. FLACKE, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Respondents. (Appeal No. 2.) — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: We have recently upheld the authority of the Commissioner of the Department of Environmental Conservation to promulgate rules for the regulation of solid waste management facilities under 6 NYCRR Part 360 *(Town of Junius v Flacke,* 71 AD2d 423, affd 53 NY2d 616). Pursuant to those regulations the commissioner determined that petitioner had failed to meet the criteria set forth therein and denied its application for a permit to continue its existing operations and for an additional permit to expand its facilities. The major findings on which the commissioner based his determination are amply supported in the record, largely unrebutted, and, in some instances, established through petitioner's own witnesses. Inasmuch as it is supported by substantial evidence, the determination must be confirmed *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present — Cardamone, J. P., Doerr, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERLE STEELE, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with the following memorandum: Defendants appeal from their convictions of burglary in the third degree (Penal Law, § 140.20) and attempted grand larceny in the second degree (Penal Law, §§ 110.00, 155.35). We conclude that the circumstantial evidence connecting defendant Steele with the crime permits no reasonable hypothesis except that of guilt and, therefore supports the conviction (see *People v Benzinger,* 36 NY2d 29, 32). We agree with all three defendants that the People failed to prove that they attempted to steal property having a value in excess of $1,500 or, indeed, having any specific value. Accordingly, the convictions of attempted grand larceny in the second degree are reduced to attempted petit larceny (Penal Law, § 155.25; see *People v Cohen,* 66 AD2d 901, 902). Inasmuch as defendants have already served the maximum time to which they could be sentenced on the attempted petit larceny conviction, there is no need to remand for resentencing (see *People v Cohen, supra; People v Bell,* 55 AD2d 624). We do not find the sentences imposed for the convictions of burglary in the third degree to be excessive. (Appeal from judgment of Erie Supreme Court — burglary, third degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SEAGRAVES, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with same memorandum as in *People v Steele* (81 AD2d 1024). (Appeal from judgment of Erie Supreme Court — burglary, third degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY RODGERS, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with same memorandum as in

*People v Steele* (81 AD2d 1024). (Appeal from judgment of Erie Supreme Court — burglary, third degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN D. GURNSEY, Appellant. — Judgment reversed, on the law, motion to suppress granted, and a new trial granted. Memorandum: In his appeal following convictions by a jury for rape in the first degree and unlawful imprisonment in the first degree, defendant contends the court erred in refusing to suppress his statement given to police in the absence of his counsel on pending unrelated charges (see *People v Rogers,* 48 NY2d 167). Deputy Sheriff Cavalier conceded at the suppression hearing that when he obtained a signed waiver of rights from defendant and questioned him at the Sheriff's office in the absence of his lawyer, he knew that defendant was free on bail on burglary charges for which defendant had been indicted and had been assigned an attorney. Under *People v Kazmarick* (52 NY2d 322, 329) and particularly the court's statement therein that "Obviously, if the suspect informs the police that he has a lawyer on an unrelated pending case his right to counsel on the new matter will indelibly attach and bar interrogation *(People v Cunningham,* [49 NY2d 203], *supra; People v Servidio,* [77 AD2d 191], *supra)"*, we are constrained to reverse and grant a new trial. As contrasted with the circumstances in our decision in *People v Smith* (79 AD2d 210), decided on the same day as *Kazmarick,* the police in the case at bar were actually aware that the charges against defendant were still pending and that the defendant was represented by a lawyer. All concur, except Dillon, P. J., who dissents and votes to affirm the judgment in the following memorandum.

Dillon, P. J. (dissenting). I respectfully dissent. Dicta in the Court of Appeals apparently to the contrary *(People v Kazmarick,* 52 NY2d 322), no case yet decided by that court impels the result reached by the majority and in my view no case will do so logically unless the rule of unwaivability of counsel except in the presence of counsel is to be universally applied, a concept neither espoused here nor yet suggested by precedent. The irrational impact of today's decision is to cloak the professional criminal and the recidivist with constitutionally inspired exclusionary rights which are denied to first offenders or others having their initial encounter with the police. Indeed, the reverse of the rule enunciated by the majority would have a sounder basis in logic. One inexperienced in the criminal investigatory process is in greater need of protection from overbearing police conduct than one who already stands charged in an unrelated matter and has learned the benefits to be derived from implementation of the constitutional right to counsel. The former is far more likely than the latter to be impermissibly persuaded to waive that right. While the *Rogers* rule *(People v Rogers,* 48 NY2d 167) is rationally founded at the very least on the basis that undue advantage should not be taken of one in custody on an unrelated matter in which he has counsel, there is no rational basis for extending application of that rule to create an artificial presumption of continuing representation by counsel on crimes allegedly committed by that same individual subsequent to his release from custody. On release, he is free to commit the new crime and he should be left free, as are others similarly stanced but for the prior confrontation, to waive his right to counsel. The right was waived here and the rape conviction should be affirmed. (Appeal from judgment of Steuben County Court — rape, first degree, and unlawful imprisonment, first degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.