■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALBANS, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Santagata, J.), imposed May 1, 1981. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Lazer, Gibbons and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ASHMORE, Appellant. — Judgment of the Supreme Court, Kings County (Leone, J.), rendered May 19, 1980, affirmed (see *People v Miller,* 61 AD2d 1036). Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA CIRESI, Appellant. — Appeal by defendant, as limited by her motion, from a sentence of the County Court, Suffolk County (Weissman, J.), imposed October 15, 1981. Sentence affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Lazer, Gulotta and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRWIN J. LEVINE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Connor, J.), rendered October 29, 1971, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and sentencing him to a definite prison term of one year. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an unconditional discharge. As so modified, judgment affirmed. This court, having regard to the nature and circumstances of the offense and to the history and character of the defendant, is of the opinion that, under the circumstances presently prevailing, neither the public interest nor the ends of justice would be served by a sentence of imprisonment and that probation supervision is not appropriate and that no proper purpose would be served by imposing any condition upon the defendant's release. Accordingly, the sentence imposed is reduced to an unconditional discharge. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.