OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendants’ cross motion for summary judgment should be denied.
Plaintiff is a resident of Alabama who seeks to recover on an Alabama judgment in his favor and against a dissolved Delaware corporation by proceeding against the former officers of that company, who are New York residents. Defendants moved to dismiss plaintiff’s action for being untimely under Alabama law, which defendants invoke pursuant to this State’s borrowing statute (CPLR 202).
In borrowing the Alabama Statute of Limitations, its tolling statute is also borrowed (Hanna v Stedman, 230 NY 326, 337-338; see Klotz v Angle, 220 NY 347, 356-357). Section 6-2-10 of the Code of Alabama provides that a person’s absence from that State during the period when an action could have been commenced against him or her precludes the Statute of Limitations from running during that time.
A defendant who concedes nonresidency in New York is presumed to have been absent from the State and, therefore, is required to prove his or her presence here in order to avoid New York’s tolling statute (CPLR 207) and obtain the protection of New York’s Statutes of Limitation (Beresovksi v Warszawski, 28 NY2d 419, 422, 425-426). The same presumption and burden of proof is appropriate when a defendant asserts a foreign Statute of Limitations and concedes that he or she was not a resident of the foreign jurisdiction. These are procedural matters to be applied in assessing the foreign law, and, as such, the law of the forum governs (see Kilberg v Northeast Airlines, 9 NY2d 34, 41).
In answering the complaint, defendants here admitted residency in New York at all relevant times. The record is barren of any evidence that they were in Alabama after *930 plaintiff’s cause of action accrued. Consequently, they failed to establish a prima facie defense that the present action is time barred. It was, therefore, inappropriate to dismiss the complaint on this ground.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur in a memorandum; Judge Simons taking no part.
Order reversed, etc.