■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN FOX, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered August 7, 1981, convicting him of criminally negligent homicide, leaving the scene of an accident without reporting, reckless driving, violating maximum speed limits and disobeying traffic signals, and sentencing him, *inter alia,* to a term of imprisonment of one to three years upon his conviction of leaving the scene of an accident without reporting. Judgment modified, on the law, by vacating the sentence imposed

for leaving the scene of an accident without reporting. As so modified, judgment affirmed. On this appeal, defendant argues that his conviction for leaving the scene of an accident without reporting violates the constitutional prohibition against ex post facto laws. The People reply that no violation of constitutional rights took place, although they concede that the sentence imposed was improper. We find merit in the People's position. The crimes took place on July 18, 1978. At that time section 600 of the Vehicle and Traffic Law provided that leaving the scene of an accident without reporting was a class B misdemeanor. On or about September 18, 1978, a misdemeanor complaint was issued charging defendant with that crime. On September 1, 1980, section 600 of the Vehicle and Traffic Law was amended to make the crime a class E felony "where the personal injury involved results in death or serious physical injury". On September 10, 1980, defendant was indicted. The count of the indictment which charged defendant with leaving the scene of an accident without reporting does not contain the above-quoted language, nor did the court charge the jury with that element. Thus, it appears that since defendant was not convicted of the class E felony, but only of the misdemeanor with which he was charged, there was no violation of the constitutional prohibition against ex post facto laws. Nevertheless, defendant was improperly sentenced to a term of imprisonment of one to three years as if the conviction where for a class E felony. A class B misdemeanor carries a definite sentence not to exceed three months (Penal Law, § 70.15, subd 2). Thus, the improper sentence must be vacated. As defendant has already served in excess of three months, there is no need to remit for resentencing (see *People v Wilson,* 84 AD2d 852; *People v Cohen,* 66 AD2d 901; *People v Bell,* 55 AD2d 624). We have considered defendant's contention that his guilt was not proven beyond a reasonable doubt and find it to be lacking in merit. Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.