OPINION OF THE COURT
Daniel K. Lalor, J.
Defendant stands charged with two counts of burglary in the first degree and three counts of assault in the first degree arising out of events alleged to have occurred on April 11, 1986 at the residence of Charlene Cappalino of Woodstock, *750 New York. It is alleged that shortly after midnight on that day defendant entered the dwelling through a bedroom window and upon encountering Ms. Cappalino struck her repeatedly about the head and body with a tire iron causing multiple injuries. Defendant was arrested and charged on June 18, 1991, five years, two months and seven days after the crimes for which he stands indicted. Defendant moves to dismiss the indictment as barred by the Statute of Limitations (CPL 30.10). The People claim the benefit of a tolling provision extending the limitations period. A hearing was held on January 10, 1992 and continued on February 27, April 10 and April 16, 1992 to resolve factual issues arising out of the motion.
Police investigation at the scene disclosed a latent fingerprint from the bedroom window at the Cappalino residence, however no suspect was identified until 1991, through use of the State Automated Fingerprinting Identification System (SAFIS; activated in Jan. 1990). On April 14, 1991, SAFIS tentatively matched the latent print from the Cappalino residence with a fingerprint of the defendant, Joseph Ferrari, that had since been obtained by a local police department on an unrelated misdemeanor arrest. A State Police fingerprint expert made a positive identification of the fingerprint on April 24, 1991. On June 7, 1991, Ms. Cappalino identified the defendant’s photograph from a photographic array. Police investigators thereafter contacted members of defendant’s family seeking his whereabouts, and on June 17, 1991 defendant contacted the police. At the request of Investigator Gallagher, defendant voluntarily appeared at the New York State Police barracks in Kingston on June 18, 1991. Defendant was advised of his Miranda rights and gave both a tape-recorded oral and a written statement to police. Prior to interviewing defendant, State Police investigators had been advised by the Ulster County District Attorney’s office of a possible Statute of Limitations problem with the investigation. The substance of defendant’s oral statement in response to police questioning therefore centered both on his commission of the crimes and on his activities and whereabouts during the time following the offenses. In defendant’s oral statement, he stated that for approximately three years following the date of the offense he "wandered around from state to state”, that he "followed the Grateful Dead”, that he "was selling drugs”, and that he "returned home occasionally. When the band was in the area, I returned home.” Clearly, the People were inter *751 ested in showing, from the outset, that the defendant had been continuously out of State.
During the course of the hearing, the defendant presented evidence attempting to demonstrate that he was in fact during the five years following the crime a New York resident, present in the State but for brief excursions into other States to attend concerts. Defendant concedes, however, that he was continuously out of New York State for at least the three-month period from March 26, 1989 through June 27, 1989, during which time he spent 18 days in jail in California in May 1989 as the result of an arrest for sale of marihuana at a Grateful Dead concert.
APPLICABLE LAW
CPL 30.10, as applicable, provides that a prosecution for a nonclass A felony must be commenced within five years after the commission thereof. However, in calculating the time limitation applicable to commencement of a criminal action, there shall not be included, "[a]ny period following the commission of the offense during which (i) the defendant was continuously outside this state.” (CPL 30.10 [4] [a] [emphasis added]; see, CPL 30.10 [2] [b].) The meaning of the emphasized phrase is crucial to disposition of the motion before the court. There is little case law in New York construing this provision.
BURDEN OF PROOF
By statute, upon a hearing on a motion pursuant to CPL 210.20 (1) (f) to dismiss based on the Statute of Limitations, "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion” (CPL 210.45 [7]). At the outset of the hearing, the People appeared to concede that the defendant had satisfied this burden initially merely by demonstrating the lapse of more than five years from commission of the alleged offense to commencement of the criminal action, and that the People thereupon must bear the burden of going forward to show the applicability of one or more of the statutory tolling provisions. The People now however take the position that the defendant bears the entire burden of establishing his entitlement to a dismissal by a preponderance of the evidence, citing CPL 210.45 (7) and People v Yanez (128 Misc 2d 716). The defense takes the position that the People must prove the action not untimely beyond a reasonable doubt, citing People v Kohut (30 *752 NY2d 183). Again, research has disclosed little case law on the burden of proof applicable to this motion.
In People v Kohut (30 NY2d 183, 186, supra), the Court of Appeals held under the former Code of Criminal Procedure that, "the defense of time bar, absent a statute to the contrary, is to be raised on the trial and not on motion addressed to the sufficiency of the indictment. When properly raised the prosecution has the burden of establishing beyond a reasonable doubt facts tolling the limitation.” Later in the opinion, the Court noted that "[f]or well over a century this rule of pleading and practice had been followed consistently. Once timeliness was raised under the general issue the prosecution had the burden of persuasion beyond a reasonable doubt that the limitation was tolled.” (Supra, at 188.) And again, it stated, "On any view, the prosecution has the burden of persuasion beyond a reasonable doubt in establishing that the limitation has been tolled” (supra, at 191).
However, in People v Yanez (128 Misc 2d 716, supra [Sup Ct, NY County 1985]), the court distinguished Kohut (supra) as having been decided under prior law. "Specifically, Kohut’s explicit statement concerning the burden of proof cannot be read outside the context of the court’s holding that since the limitations defense bar could be raised only at trial, not by pretrial motion, it must be proven beyond a reasonable doubt by the People. Although Kohut was decided in 1972, two years after the effective date of the new CPL, the case was decided under the former Code of Criminal Procedure which did not provide for pretrial motions on the issue of time bar. In the absence of such a mechanism, Kohut held that the issue of limitations could not be raised in a pretrial motion attacking the sufficiency of an indictment.” (Supra, at 721-722.) The court further held that, "to place a 'beyond a reasonable doubt’ burden on the People would be unduly harsh in light of the requirements of the tolling provisions themselves. It would be inappropriate, for example, to allow defendant merely to show that more than five years had elapsed between the commission of the crime and the commencement of the criminal action, then rest, leaving the People to show beyond a reasonable doubt that defendant 'was continuously outside the state.’ ” (Supra, at 722.) The court in Yanez found it reasonable to place the burden of persuasion on defendant, at least where there was a "concession of nonresidency”, because "the facts needed to prove that a defendant was 'continuously outside’ New York State are, for obvious reasons, usually *753 within the peculiar knowledge of the defendant.” (Supra, at 722-723.)
In Yanez (supra, at 722), the court stated that under current law, "Indeed, CPL 210.20 (1) (f) provides for a pretrial motion to dismiss an indictment on the issue of timeliness and CPL 210.45 (6) provides for a pretrial hearing on the issue if questions of fact arise. As to the burden of proof at such a hearing, CPL 210.45 (7), discussed above, states unequivocally that defendant must prove by a preponderance of the evidence every fact essential to support the motion.”
Nevertheless, in the analogous area of "speedy trial” motions under CPL 30.30, under current law the defendant satisfies his initial burden by a prima facie showing of delay in excess of the statutory readiness period. The burden thereupon "shifts” to the People to demonstrate the existence of sufficient excludable periods to shorten the delay to within the applicable time limit (People v Auslander, 168 AD2d 759; People v Hancock, 161 AD2d 108). No case found, however, describes the weight of this "shifted” burden, or states by what standard of proof the People must carry it. Is the holding of Kohut (supra) in fact changed by the procedure enunciated in the Criminal Procedure Law?[1] Or must the People still, once the burden has "shifted” to them, establish tolling of the statute beyond a reasonable doubt?
"continuous” absence
Regardless of the applicable standard, based on defendant’s own concession the proof establishes beyond a reasonable doubt that defendant was physically absent from New York State from March 26, 1989 through June 27, 1989, a period of three months. As a matter of law therefore, if the character of this period is considered a "continuous absence” within the meaning of CPL 30.10, the prosecution is timely.
The defendant seeks to analogize to the tolling provisions of the CPLR for guidance as to the meaning of CPL 30.10 (4) (a) (i). CPLR 207 provides, in pertinent part, "If, after a cause of action has accrued against a person, he departs from the state and remains continuously absent therefrom for four months *754 or more * * * the time of his absence * * * is not a part of the time within which the action must be commenced.” Defendant argues (1) that this provision explicitly requires an absence to be four months or more in duration in order to be considered "continuous” for purposes of tolling the civil Statute of Limitations, and (2) that the criminal tolling provision should be construed identically to the civil provision. Both steps in this argument fail. The plain meaning of the civil provision is otherwise than defendant contends, for a "continuous” absence obviously may be of any duration. However, this section as a matter of legislative policy provides that only those continuous absences enduring for at least four months shall be considered significant enough to warrant interruption of the civil limitations period.
The court in Yanez (supra) did base its holding on an analogy to a civil presumption under CPLR 207 found in Childs v Brandon (60 NY2d 927, 929 [1983]).[2] However, Yanez and Childs both dealt with a factual situation not here present, i.e., a concession of nonresidence on the part of the defendant. The Yanez court held that "the concession of nonresidency establishes a presumption that defendant was continuously outside the State.” (Supra, at 722.) The court recognized that while it was "aware of certain differences between Statutes of Limitation in civil law as opposed to criminal law (see, People v Hines, supra, at 113; People v Guariglia, 187 Misc 843, 848 [County Ct, Kings County 1946], affd 272 App Div 784 [2d Dept 1947]) there is no logical reason why the same presumption of absence found in Childs should not arise on similar facts in a criminal case.” (Supra, at 722-723.) That reasoning does not apply here.
This is not a case where the court is asked to adopt another court’s construction of a civil tolling provision in construing a parallel criminal provision under a similar factual situation. The defendant here would have the court simply import words from the civil into the criminal statute, merely because they are there. This the court will not, indeed cannot do. There was nothing in the wording of the two statutes in Yanez (supra) to prevent application of the same presumption of absence from nonresidence to criminal as well as civil cases. In this case, *755 while one statute makes explicit reference to "four months” as a legislative yardstick for discriminating significant absences from insignificant ones, the applicable criminal statute is silent as to time period. Had the Legislature meant to adopt the same standard in the two provisions, it could easily have done so. That it did not is evidence that the criminal standard for "continuous absence” is a more flexible one, depending on the circumstances of each individual case.
In fact, with respect to the term at issue the court in Yanez (supra, at 723) found that, "provision for 'continuous’ absence was apparently meant only to make certain that vacations or other brief excursions from New York would not toll the statute. (See, People v Guariglia, supra; Waxner, New York Criminal Practice § 15.19 [1977].)”
The other evidence present in this case makes clear that defendant’s three-month absence from the State was more than a vacation or brief excursion. In defendant’s initial statement to police, made before he was aware of the possible Statute of Limitations defense, he stated that for approximately a three-year period he was "living on the road” following the Grateful Dead band around the country. He said that he lived out of his car and supported himself by "selling drugs.” The bulk of defendant’s evidence at the hearing, presented by defendant’s mother and by other family members all of whom had been advised of the importance of establishing defendant’s whereabouts and residence, shows only a tenuous and sporadic connection with New York throughout the three years following the alleged offense, and especially for the 10-month period between January and October 1989. In this context, the court as a matter of law holds that an unbroken absence of three months during this period is "continuous” for purposes of tolling the Statute of Limitations. Accordingly, defendant’s motion to dismiss is hereby denied.

. It is noted that if the People controvert the defendant’s prima facie showing supporting a motion to dismiss by less than "unquestionable documentary proof’, the court must hold a hearing to determine the factual basis for the motion (CPL 210.45 [5] [c]; [6]; see, People v Berkowitz, 50 NY2d 333).

. "A defendant who concedes nonresidency in New York is presumed to have been absent from the State and, therefore, is required to prove his or her presence here in order to avoid New York’s tolling statute (CPLR 207) and obtain the protection of New York’s Statutes of Limitation (Beresovski v Warszawski, 28 NY2d 419, 422, 425-426 [1971]).”